B. F. Love, B. F. Davis, M. M. Ray, G. H. Voss, and J. A. Holman, for appellee.

---

## HARRELL v. HARRELL.

39 185
141 588
---
39 185
f153 428

DIVORCE.—Order for Payment of Money.—Where, during the pendency of a proceeding for a divorce, the wife filed an affidavit that her husband was the owner of real estate of the value of six thousand dollars and personal property worth eight hundred dollars, and that she had no money or property to enable her to prepare her case for trial, it was proper for the court to order the payment by her husband into the clerk's office of one hundred dollars for her use. On an appeal from such an interlocutory order, no question will be considered involving the sufficiency of the complaint for a divorce.

APPEAL from the Howard Circuit Court.

BUSKIRK, C. J.—This is an appeal from an interlocutory order of the court below requiring the appellant to pay into the clerk's office the sum of one hundred dollars, for the use of the appellee, to enable her to prosecute her action for a divorce.

Two questions are argued by counsel; first, that the court possessed no power to make the order at the time it was made; second, that the facts stated in the affidavits did not justify the order.

The order from which the appeal was taken was made before the trial of the cause, and was made to enable her to prepare for such trial. The position assumed by the appellant is, that the court had no right to make an allowance until the final decision of the cause.

The solution of the question depends upon the construc-

tion to be placed upon the seventeenth section of the divorce act, which reads as follows:

"Sec. 17. Pending a petition for divorce, the court, or the judge thereof in vacation, may make, and by attachment enforce such orders for the disposition of the persons, property and children, of the parties as may be deemed right and proper, and such orders relative to the expenses of such suit as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof, and on decreeing a divorce in favor of the wife, or refusing one on the application of the husband, the court shall by order, to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defence of the petition when such divorce has been so granted or refused."

In support of the above position, the counsel for the appellant refer us to the case of *Hart* v. *Hart*, 11 Ind. 384.

That case seems to bear the construction contended for, but we do not believe that the learned judge who delivered the opinion ever intended that the opinion should bear any such construction. The facts upon which the ruling was made were these: Hart brought a suit for a divorce against his wife. The wife appeared and asked for an allowance to enable her to defend the suit. The court refused the allowance. Subsequently, before the final hearing, the plaintiff dismissed his suit, and there was judgment against him for costs.

The defendant then renewed her application for an allowance, and the court ordered the plaintiff to pay her one hundred dollars. The plaintiff excepted and appealed from the order. The court say: "The court assumed to act, in making the order, under sec. 17, 2 R. S. 236. We do not think the section authorized the act of the court. It only authorizes such an order where there is a decree rendered for or against a divorce on the final hearing."

It should be observed that the wife took no exception to the refusal of the court to make her an allowance, and as-

Harrell *v.* Harrell.

signed no cross errors on such ruling. The court, therefore, decided nothing in reference to the refusal of the court to make an allowance to the wife pending the action.

The order which the court made, and from which the appeal was taken, was made after the action had been dismissed. The wife had not filed a cross complaint. At the time the allowance was made, there was no action pending, and the allowance was unauthorized by the first clause of the above quoted section, because, first, there was no action pending; and second, there was no necessity for an efficient preparation of her case ior a fair and impartial trial. The allowance was equally unauthorized by the latter clause of said section, for the reason that-no divorce had been decreed to the wife or refused on the application of the husband. The action was dismissed. No evidence was heard. The court neither granted a divorce in favor of the wife nor refused one on the application of the husband.

The above section contains two separate and distinct propositions. The one is, that "pending a petition for a divorce, the court, or the judge thereof in vacation, may make, and by attachment enforce, such orders for the disposition of the persons, the property, and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such suit as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof."

The other proposition is, that "on decreeing a divorce in favor of the wife, or refusing one on the application of the husband, the court shall by order, to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defence of the petition when such divorce has been so granted or refused."

The first allowance provided for has to be made while the action is pending, and only to such an amount "as shall insure to the wife an efficient preparation of her case and a fair and impartial trial thereof."

The second allowance is to be made after a divorce has been decreed in favor of the wife, or refused on the applica-

tion of the husband, and shall be for a sum sufficient "to pay all reasonable expenses of the wife in the prosecution or defence of the petition."

It is made the imperative duty of the court, in decreeing a divorce to the wife, or refusing one to the husband, to make an allowance sufficient to cover all reasonable expenses of the wife in the prosecution or defence of the action. The language of the statute is, that the court shall make such orders, etc.

The language employed in the first branch of said section is quite different—the court may make such orders, etc. The court is only required to act, in the making of the allowance under the first branch, upon the application of the wife, or some one in her behalf. Whether the court shall make any allowance, and if any, how much, depends upon the facts that may be shown by affidavit. No allowance should be made, unless a necessity therefor is shown; but when the necessity is shown to exist, then an allowance should be made sufficient to insure efficient preparation and a fair and impartial trial of the case. If it is necessary to take depositions, or procure the attendance of witnesses from other counties, or to obtain the services of a competent attorney to conduct her case, or to provide herself with comfortable lodging and boarding, and suitable apparel, an allowance should be made sufficient to provide for such things during the pendency of the action for divorce.

It was said by this court, in *Kenemer* v. *Kenemer*, 26 Ind. 330, that "if she had either funds or credit sufficient for the purposes of her defence and her present support, it would have been improper for the court to require her husband to furnish money for such purposes, pending the litigation. Her affidavit does not show such a state of facts as would require the court to make such an order upon the appellee."

The above case, as well as that of *Kernodle* v. *Cason*, 25 Ind. 362, very clearly establishes the doctrine, that it is the duty of the court to make a reasonable allowance during

the pendency of the action.     The court, in decreeing a divorce to the wife, or in refusing one to the husband, should take into consideration, in making an allowance for the reasonable expenses of the wife, any allowance that was made during the pendency of the action.

We think that it is quite clear that the court had the power to make the allowance at the time and in the manner that it was done.

It remains for us to inquire whether the court was justified, by the facts stated in the affidavits, in making the allowance.     It was stated by the appellee, in her affidavit, that the appellant was the owner of real estate of the value of six thousand dollars, and personal property of the value of about eight hundred dollars; that she left her home with nothing but her clothes, and there were very few of them, and without one cent of money, or other property out of which she could make any money, and she has no money or property of any kind except her few clothes; that she is now, and has been ever since the separation from him, working from day to day in the kitchen of strangers for her board, shelter, and lodging, which she must continue to do for sustenance until the termination of this suit; that she only asks the court to make her a reasonable allowance against the defendant, to be paid into court for her immediate benefit, to enable her to secure her counsel and witnesses and prepare her case for trial, which she declares to the court she cannot do without the aid of the court.

The substance of the affidavit of the appellant was, that the plaintiff had no just cause for a divorce, and that he had; that when the plaintiff left his house, she took with her two hundred and fifty dollars worth of property (but he does not state what kind of property it was, whether it was her clothing or bedding, or what had been done with it); that since her abandonment she had purchased on his credit about fifty dollars worth of goods; that he had no property of any value except his real estate; that he had sold his personal property on a nine months' credit, and had no money, and

did not know where he could conveniently borrow any money.

There was nothing in this affidavit that contradicted the facts stated by the appellee, except the very loose and unsatisfactory statement about the amount and value of the property which she had taken away with her and had subsequently purchased on his credit, but there was no averment that she had any of such property. The real question for the court was, whether she then had the means necessary to a comfortable support and to enable her to make an efficient preparation of her case, and to obtain a fair and impartial trial. It is gravely maintained by the counsel for appellant, among other things, that the court should not have made the allowance, because the appellant had shown by his affidavit that he had just cause for a divorce, and that his wife had not. This was the very question that was to be determined by the trial of the cause; and in such a contest, the wife without property, money, or means to employ counsel, procure witnesses, and prepare her case for trial, would have a very poor chance, especially if she was compelled, as in this case, to work day by day to procure lodging and support.

We entertain no doubt that the facts not only fully justified, but required the court to make the allowance; and, in our judgment, the allowance made was a very reasonable one.

We are asked by the appellant to determine whether the court erred in overruling a demurrer to the complaint, and in overruling a motion to make it more specific. There is no question here for decision, except the one of whether the court erred in making the allowance. It was this that gave the right of appeal to this court before the final trial of the cause. It was only necessary to set out the complaint, to enable us to know what kind of a case it was. When the cause is tried on its merits, it will be time enough to appeal from a final judgment.

The judgment is affirmed, with costs and ten per cent. damages.

*C. N. Pollard,* —— *Murray,* and *J. H. Kroh,* for appellant. *H. A. Brouse,* for appellee.

