## PUTNAM ET AL. *v.* TENNYSON.

MARRIED WOMAN.—*Promise after Divorce to Pay for Services Rendered during Coverture is Void.*—A wife is not liable for services rendered by attorneys for her during coverture, in a suit between herself and her husband, though she was afterward divorced, and, after being divorced, promised to pay the same. The promise in such a case is without consideration and invalid.

SAME.—*Lien of Attorney on Judgment for Alimony.*—An attorney for a wife in an application for a divorce, who obtains a judgment in her favor for alimony, may enter a lien on the judgment for his fee, and if she knows of the lien and assents to the amount of the fee claimed after she has been divorced, this will be sufficient to fix the amount, and she will be bound thereby.

Putnam *et al. v.* Tennyson.

PLEADING.—*Partial Answer.*—An answer in bar, which is only good as to a part of the claim of the plaintiff, is bad.

MARRIED WOMAN.—*Contract to Pay Attorney for Procuring Divorce Void.*—A contract made by a wife to pay an attorney a certain sum to prosecute a suit for divorce is void; and rendering the services and procuring a divorce, and a promise after the divorce to pay the amount, will not render the contract valid. PETTIT, J., dissents.

SAME.—A new and further consideration after the divorce, and a promise to pay the sum before agreed on, will be valid.

PLEADING.—*Marriage of Female Plaintiff after Suit Commenced.*—To a suit commenced by a *feme sole,* for money alleged to have been received for her, an answer, alleging that since the commencement of the suit the plaintiff has removed to the State of Illinois, and has married, and resides there with her husband, but not stating that the marriage took place in Illinois, is bad.

PRACTICE.—*Harmless Error.*—Where it is apparent that a party has, on the trial, been allowed the benefit of the amount claimed in certain paragraphs of an answer to which demurrers have been erroneously sustained, the cause will not be reversed for the error.

From the Lawrence Circuit Court.

*F. Wilson* and *M. F. Dunn,* for appellants.

*S. W. Short* and *Parks & Crooke,* for appellee.

DOWNEY, J.—The appellee, by the name which she then bore of Nancy J. Nannally, sued the appellants for five hundred dollars, which she alleged they had collected and received for her, as her attorneys, for alimony in a suit in which she was divorced from her husband, in Vigo county, and which, on demand, they had refused to pay over to her. During the progress of the cause, she was married, and hence the change of name.

The defendants answered in eight paragraphs. The first was a general denial. The others were special paragraphs, and to each of them, except the second, which was an answer of payment, a demurrer was sustained.

Reply in denial of the second paragraph.

Trial by the court and finding for the plaintiff in the sum of two hundred and seventy-four dollars.

Motion by the defendants for a new trial for the reasons following:

1. The damages are excessive.

2. Error in the assessment of the amount of recovery, it being too large.

3. The decision is not sustained by sufficient evidence.

4. The decision is contrary to law.

This motion was overruled, and there was judgment for the plaintiffs for the amount of the finding, and for costs.

Errors alleged: 1. Sustaining the demurrers to the third, fourth, and fifth paragraphs of the answer.

2. Sustaining the demurrers to the seventh and eighth paragraphs of the answer.

3. Overruling the motion for a new trial.

The third paragraph of the answer was in bar of fifty dollars of the amount claimed by the plaintiff, and alleged that she owed the defendants that amount for services in a former suit between her and her husband, which amount she promised to pay after she was divorced. The indebtedness referred to accrued during the wife's coverture, as appears, and hence the contract was, on that account, void. The promise made after she was divorced to pay the amount was without consideration, and not valid. *Maher* v. *Martin*, 43 Ind. 314, and cases cited.

The fourth paragraph is in bar of two hundred and fifty dollars, and alleges, in substance, that the defendants, with Baird and Cruft, were attorneys for the plaintiff in her divorce suit, and recovered for her the judgment for five hundred dollars; that after the judgment was entered and signed by the judge, they entered thereon a notice of a lien for the said sum of two hundred and fifty dollars; that the plaintiff was present at the time the notice of lien was entered, and assented to the same, and agreed thereto, and agreed that so much of the judgment as was necessary to pay said lien might be retained by the defendants, when collected, for themselves and said Baird and Cruft, and applied in discharge of said lien.

The question is presented here, can an attorney who has obtained for his client a judgment for alimony have a lien thereon for his fees under the statute, Acts Spec. Ses. 1865,

p. 164, 3 Ind. Stat. 22? The language of the act makes no exception as to persons under disability. It provides:

" That any attorney practising his profession in any court of record in this State shall be entitled to hold a lien for his fees on any judgment rendered in favor of any person or persons employing (him) as such attorney to obtain the same: Provided, that such attorney shall, at the time such judgment shall have been rendered, enter in writing, upon the docket or record wherein the same is recorded, his intention to hold a lien thereon, together with the amount of his claim."

The value of the services is not alleged, except as the amount is specified in the notice of the lien. But it is stated that the plaintiff assented to the claim after she was divorced, which, we think, may be regarded as sufficiently fixing the amount. Hence, we are of the opinion that the court erred in sustaining the demurrer to this paragraph of the answer.

The fifth paragraph is pleaded in bar of the whole action, and shows matter which, if a bar to any extent, is so only as to two hundred and fifty dollars, and is therefore bad.

The sixth paragraph is in bar of two hundred and fifty dollars, alleges an agreement before the divorce to pay the defendants and Baird and Cruft two hundred and fifty dollars, and after they had rendered the services and obtained the divorce and alimony, she agreed and promised to pay them said sum of two hundred and fifty dollars, and directed them to retain the same out of the money collected by them. This paragraph is bad on the same ground on which we held the third bad. The contract made before the divorce being void on account of the coverture of the plaintiff, the services rendered in pursuance of it, and the promise after the divorce, could not make it valid.

The seventh paragraph is in bar of two hundred and fifty dollars, and is not materially different from the sixth, except that it relies on an estoppel, because, if the plaintiff had not agreed to pay them the two hundred and fifty dollars, they would have applied to the court for an order for the payment of an amount by the husband of the plaintiff for attorneys' fees in

the divorce suit; and except that they allege that her promise made after the divorce was in consideration of the services already rendered in the suit, and for such services as they would have to render thereafter in collecting said alimony; and they say they have collected said sum of five hundred dollars, and have retained said sum of two hundred and fifty dollars as agreed. As this paragraph alleges an additional consideration accruing after the disability of coverture was removed by the divorce, and a new promise founded thereon, we think it good.

The eighth paragraph of the answer is as follows:

"And the defendants for further answer herein say that since the commencement of this suit the plaintiff has removed to the State of Illinois, and has also intermarried with one Thomas Tennyson, and is now the wife of said Thomas, and resides with him in the said State of Illinois, as defendants are informed and verily believe; wherefore defendants say that said suit as to this plaintiff should abate."

The paragraph is pleaded, and counsel attempt to maintain it, upon the theory that by the residence and marriage of the plaintiff in Illinois, and the presumption that the common law prevails there, the money or right of action in question has become the property of the husband, and cannot be recovered by the wife. Did the answer show that the marriage took place in Illinois, and that the matrimonial domicile of the parties was there, the question would be one of interest, and require a more extended examination. But it will be seen that the answer does not show these facts. For aught that appears, the marriage may have been in this State, and the parties may have been then domiciled in Indiana. There was no error in sustaining the demurrer to this paragraph of the answer.

When we come to examine the evidence, under the assignment relating to the overruling of the motion for a new trial, we can but think that the court reached the merits and the justice of the case. It is claimed that the evidence shows that the defendants paid ninety dollars for the plaintiff to a third person, by her order, and that this amount should have been

allowed them. The evidence does not prove any such payment. The evidence shows that the defendants received the amount of the judgment for alimony, which, with the accumulated interest, was more than five hundred dollars. They appear to have been allowed the amount claimed by them as a lien for their fees, and, although we are of the opinion that the fourth paragraph of the answer setting up a lien for that amount was good, and that the seventh paragraph, based on a promise made on a new consideration after the divorce, was also good, yet, as the defendants evidently received the full allowance of the amount set up in these paragraphs, we ought not, on account of the rulings of the court on these paragraphs, to reverse the judgment. The evidence clearly sustains the action of the court in its finding on the facts.

The judgment is affirmed, with costs.

PETTIT, C. J.—I dissent from so much of the opinion as holds that a woman who employs an attorney to bring and prosecute a suit for a divorce, and he renders the services and accomplishes the desired object, is not liable to her attorney for services, because she was a married women when she employed him and he rendered the services. She was authorized by law to bring and prosecute her suit. This she could not do without resorting to the employment of an attorney as a necessary means to accomplish her divorce, and I think she must be liable for the value of his services.