McCabe *v*. Britton *et al.*

No. 6192.

## McCabe *v*. Britton et al.

DIVORCE.— *Wife's Attorneys.*—*Agreement Concerning Allowance for Attorney's Fees.*—If, during the progress of an action for divorce, an attorney is employed to assist the attorneys already engaged on behalf of the wife, upon an express agreement with the wife and such attorneys that he shall look to the client for his compensation, out of the alimony allowed her if she succeeded, and that the attorneys first employed shall have the allowance for attorney's fees to be made by the court in the case, the agreement as between the attorneys is binding.

SAME.—*Contract of Married Woman.*—The promise of a married woman defending an action for divorce, to pay an attorney's fee, is not binding; nor is her agreement before divorce, that the attorney may have a lien on her judgment for alimony. *Putnam* v. *Tennyson,* 50 Ind. 456, distinguished.

SAME.—*Alimony.*—*Lien of Attorney.*—*Statute Construed.*—The effect of the 17th section of the act regulating the granting of divorces is that no liens for attorney's fees can be taken on a judgment for alimony, over and above the amount of the allowance, if one is made by the court for the wife's reasonable expenses in the case.

SAME.—*Allowance Includes Attorney's Fees.*—The allowance made by the court for the wife's reasonable expenses, in an action for divorce, includes her attorneys' fees and is conclusive upon the parties, including the attorneys interested, as to what is a reasonable allowance.

SAME.—*Contract.*—*Attorney's Fees.*—*Alimony.*—If, during the progress of the trial of a divorce suit, the attorneys for the wife agree among themselves and with her, that two of the attorneys shall have whatever allowance may be made by the court for the fees of her attorneys, and the third shall be paid by her a sum named out of the alimony awarded, and they accordingly afterwards enter liens, the two upon the allowance for attorneys, and the third upon.the decree for alimony, and the judgment is afterwards compromised and receipted in full, the two attorneys entering the discharge of record, and receiving for their own use the entire amount of the court's allowance for fees, the third has no claim upon them for any part thereof; and the fact, that the agreement between the attorneys was kept from the knowledge of the court, is immaterial, the parties in that respect being *in pari delicto.*

SAME.—*Attorney's Lien for Fees.*—*Discharge.*—The lien of an attorney for his fees, if validly entered, can not be discharged without his authority, by any act of the judgment plaintiff.

From the Montgomery Circuit Court.

*J. McCabe,* for appellant.

*P. S. Kennedy, W. T. Brush, W. P. Britton, M. W. Bruner*
and *G. W. Paul,* for appellees.

WOODS, J.—The appellant brought the action, alleging in
his complaint substantially the following facts, to wit: That
the defendant Samuel G. Irwin, at the February term, 1875,
of the Montgomery Circuit Court, had made application for
a divorce from his wife, the defendant Mary J. Irwin; that
Mrs. Irwin employed the defendants William P. Britton and
Melville W. Bruner, who were attorneys and counsellors at
law and partners in the practice, to defend the suit and to
present a cross bill, praying, for her, a divorce, alimony and
the custody of her children; that afterwards, and pending
the suit, Britton and Bruner, representing that they had au-
thority from Mrs. Irwin so to do, requested the plaintiff, who
was then a practicing attorney at law, to assist them in the
defence of the action and in the prosecution of the cross bill;
and, relying on said representation, the plaintiff engaged ac-
tively, and gave his assistance in the case, which on account
of the social standing of the parties, and the magnitude of
the interests involved, was important; that during the pro-
gress of the trial, at the urgent instance of Britton and Bru-
ner, it was agreed between Mrs. Irwin and the plaintiff that
the plaintiff should receive one hundred and fifty dollars for
his services; that his services were worth at least two hun-
dred and fifty dollars; that the defendant obtained, upon her
cross bill, a decree of divorce, and for the custody of some of
her children, and a judgment for about $7,000 alimony; that,
at the inception of the cause, upon an order of the court, the
plaintiff paid over to Britton and Bruner, to enable the de-
fendant to make her defence, two hundred dollars, which they
kept; and, on the final decree, the court, among other things,
made an order allowing to the defendant's attorneys, without
specifying them or either of them by name, five hundred

dollars for services in the cause, for which judgment was then and there rendered in their favor against Samuel G. Irwin, without specifying the names of any of them; that while the court was still in session, at the term when the judgment for alimony was rendered, this plaintiff filed a written notice, duly signed by him and attested by the clerk of the court, that he held a lien on the judgment and decree for his fee for his services as attorney of the defendant, in the sum of one hundred and fifty dollars, which writing was entered on the margin of the order book where the judgment for alimony and allowance of $500 for attorneys' fees were recorded; that afterwards said Samuel G. Irwin paid into the clerk's office and to the clerk of the court the said sum of $500, and afterwards Britton and Bruner, without the knowledge and consent of the plaintiff, received and receipted for said sum upon the record; that, after the filing of the plaintiff's claim for a lien, Samuel G. Irwin conveyed to Mrs. Irwin a tract of land, in said county, in full satisfaction of all of said decree; and Britton and Bruner, as her attorneys, entered of record a receipt for $5,000, in full of the decree, signing their firm name as attorneys for the defendant, Mrs. Irwin, who is now claiming that said decree is fully satisfied, and is not a lien upon the land so conveyed to her; that Britton and Bruner have received the money out of which the plaintiff's fee should have been paid, and are claiming to be entitled to the entire sum so received by them, and that the plaintiff still has a lien upon said judgment which can be enforced either against the land conveyed to Mrs. Irwin, or against the other property of Samuel G. Irwin, all of which he stoutly denies.

Wherefore the plaintiff makes them all parties, etc., demands judgment against them all for $250, for the proper enforcement of his lien and other proper relief.

The defendants Irwin each filed a demurrer to the complaint for want of facts, which the court sustained and gave judgment in their favor.

Britton and Bruner, having excepted to the overruling of their demurrer to the complaint, answered by a general denial and by a special plea to the effect, that the plaintiff joined with them in the defence of said suit upon an express agreement between the plaintiff, Mrs. Irwin and them, that they, Britton and Bruner, should have for their services whatever sum or sums the court should order Samuel G. Irwin to pay into court to enable Mrs. Irwin to prosecute her defence, and for attorneys' fees, and that the plaintiff would look to Mrs. Irwin for his compensation, in case she should succeed in the action; that she did succeed; that said attorneys' fee was paid to them in accordance with said contract, without any objection on the part of the plaintiff or of Mrs. Irwin; that the said fee was $500, was recovered by Mrs. Irwin in her said suit, and was for her attorneys in the cause as their fees; that they relied on said agreement, and in such reliance gave their services in the cause, and afterwards receipted to the clerk for said fee in pursuance of said agreement which was fully executed by the plaintiff and defendants; and the plaintiff, being bound to look to Mrs. Irwin alone for his compensation, then and there relinquished to them all claim which he might have had on said fee, in case of Mrs. Irwin's success in the suit. Wherefore, etc.

The court having overruled his demurrer to this answer, the appellant replied in two paragraphs:

*First.* That the said agreement was made after the trial had progressed nearly to its close, and prior to the finding of the court and to the allowance of said sum of $500, and while Mrs. Irwin was still a married woman; and that, after the reception of said money, the defendants promised to pay the plaintiff $150 of it, if he failed to get it of Mrs. Irwin.

*Second.* That said agreement was made after the trial had progressed nearly to its close and before the allowance of said $500, which the court made and intended for full compensation for all of the attorneys of the defendant, the court being kept in ignorance of the agreement aforesaid; that the agree-

ment was made while Mrs. Irwin was a married woman, and said money was paid to the clerk and receipted for by Britton and Bruner without any further assent from her or the plaintiff, and without her consent after she was divorced, and there was no other consideration for plaintiff's agreement than the said agreement of Mrs. Irwin, which she refused to carry out, and never has performed.

The appellees Britton and Bruner demurred to each paragraph of the reply, and saved exceptions to the adverse rulings of the court thereon, but have not assigned cross errors.

The appellant has assigned error upon the rulings of the court in sustaining the respective demurrers of the defendants Irwin to the complaint, in overruling his demurrer to the special answer of Britton and Bruner, and in overruling his motion for a new trial.

Assuming, without deciding, that the complaint shows a cause of action in favor of the plaintiff against Britton and Bruner, it is clear that the special paragraph of answer shows a good defence.

It shows that Britton and Bruner had been first employed to conduct the defence of Mrs. Irwin and to prosecute her cross bill, and that the plaintiff joined them, upon the express agreement with them and her that they should have whatever allowances the court should make for attorneys in the case, and that the plaintiff should look to Mrs. Irwin for compensation out of the alimony which should be awarded her in case she succeeded.

It was competent for the parties to make this agreement, notwithstanding Mrs. Irwin was yet under the disabilities of coverture.  She could not bind herself personally to pay attorney's fees.  *Pierce* v. *Osman, post,* p. 259.  But nevertheless she had the right to engage attorneys to represent her, who should be entitled to receive such fee or compensation as the court should order the husband to pay, and, perhaps in case no such order of the court had been made, but alimony had been awarded, would have had the right to

claim an attorney's lien thereon for a reasonable compensation. *Putnam* v. *Tennyson*, 50 Ind. 456. And if the appellant saw fit, as it is averred he did, to come into the case upon the understanding and agreement with the other attorneys, who had theretofore been employed and were conducting it, that they should have all allowances made by the court for the defendant's attorneys, and they afterwards proceeded upon that understanding, and obtained the sum so allowed, we do not perceive upon what grounds the plaintiff can have an action against them for a part of the allowance. If, in the transaction as stated, Mrs. Irwin's agreement was void, and there was no consideration for the plaintiff's promise to look to her for his compensation, then his contract was to do voluntary service, taking the chance of such voluntary compensation as she might give him. He had the right to make such a contract; was bound to know the law; and if he chose to come into the case, under an agreement which was equivalent to an agreement to work without compensation, relying on a promise which he knew could not be enforced, he can not, on account of the non-fulfilment of that promise, acquire a claim upon the fund, which, by his own agreement, others were to have as a compensation for their services rendered and to be rendered in the case. Instead of there being any duty or promise, express or implied, on the part of Britton and Bruner to pay the plaintiff any part of the sum which they had received, they had his express promise, made upon his joining them in the case, that they should have the money in dispute for their own use.

The special answer is not avoided by the facts stated in either paragraph of the reply. In the first paragraph is the allegation, that, after Britton and Bruner had received and receipted to the clerk for the money in question, they promised to pay the plaintiff a part of it; but this is a departure from the complaint, which alleges no such promise, and is predicated entirely upon a supposed duty or implied promise arising from the facts alleged.

It is also alleged that the agreement set up in the answer was kept from the court, and that the court intended the sum of $500, allowed as attorneys' fees, to be in full for the services of Britton and Bruner, and the plaintiff; but if there was any wrong in withholding from the court a knowledge of the agreement which had been made, the parties would seem to have been *in pari delicto,* in this respect; and, if thereby Britton and Bruner obtained a larger compensation than otherwise the court would have ordered, the plaintiff is not for that reason entitled to claim any part of it.

The averment that Britton and Bruner entered satisfaction of the judgment for alimony is immaterial. If the plaintiff had acquired a valid lien upon the judgment, his right to collect the amount for which he had secured a lien, by execution upon the judgment, was not affected by the satisfaction; and, if his lien was not valid, he clearly has no ground for complaint on account of the discharge of the decree.

The averment that the alleged agreement was not made until near the close of the trial, and while Mrs. Irwin was still under coverture, is not inconsistent with the allegation of the answer, which is not denied, that the plaintiff accepted employment in the case—*joined* in the defence—under the terms of that contract.

It therefore stands admitted upon the pleadings, that when he came into the case the plaintiff agreed with Britton and Bruner, that they should have such allowances as the court should make for their client's attorneys, and, this being so, they were entitled, upon the pleadings, to the judgment which was rendered in their favor. 2 R. S. 1876, p. 186, sec. 372. And it is unnecessary to consider whether upon the evidence, irrespective of the pleadings, a different result might be reached. The facts admitted in the pleadings can not be disputed on the trial.

It is proper to observe, however, that it is not averred in the complaint, that the appellant took, or attempted to take, a lien upon the sum allowed by the court for attorneys' fees. The complaint is not explicit in this respect. The proof, how-

ever, is direct and undisputed, that the appellant attempted to obtain a lien upon the decree for alimony only, while Britton and Bruner, at the same time, took a lien upon, and for the entire amount of, the allowance for attorneys. Conceding, therefore, that the agreement between counsel was made after the appellant had come into the case, and was without consideration, it is difficult to perceive on what legal ground he can claim to recover of the appellants money which he had so agreed that they should have, and had entered of record an implied, if not an explicit, consent to their receiving. Upon the payment of the money by the clerk to Britton and Bruner, if not upon the taking of the liens, it became an executed agreement, and there is no more ground for recovering the money than there would be for reclaiming a gift.

It remains to consider whether the court erred in sustaining the demurrers of the defendant Irwin to the complaint; and this leads to the inquiry whether the plaintiff acquired a valid lien for his fee upon the decree for alimony.

Two reasons are urged against the validity of the lien asserted in the complaint: *first,* that it was not taken in time; and, *second,* that the court having made an allowance for the fees of the attorneys of Mrs. Irwin, it was not competent for them, or any of them, to claim a lien beyond the sum allowed by the court.

The latter objection seems to be well taken; and the first, therefore, need not be considered.

It has been decided in a number of cases, and is no longer the subject of dispute, that, while a wife may employ attorneys to prosecute or defend for her in an action for divorce, she is not able to bind herself or her property to pay for the service of such attorney. *Pierce* v. *Osman, supra.* In *Putnam* v. *Tennyson,* 50 Ind. 456, it seems to have been held, that, if a judgment for alimony is obtained, the attorney may enter a lien upon the judgment; and, if she afterwards assents to the amount so claimed, it becomes a valid lien.

The complaint in this case shows that there was no such subsequent assent upon the part of Mrs. Irwin; and more important than this, perhaps, is the fact that the court made a specific allowance and order against the husband for the fees of the wife's attorneys. This having been done, we are of the opinion that it was not competent for her attorneys or any of them to enter a lien for fees beyond the amount fixed by the court and ordered to be paid for that purpose by the husband.

The 17th section of the act regulating the granting of divorces provides, that, " on decreeing a divorce in favor of the wife or refusing one on the application of the husband, the court shall, by order, to be enforced by attachment, require the husband to pay. all reasonable expenses of the wife in the prosecution or defence of the petition when such divorce has been granted or refused." 2 R. S. 1876, p. 329.

The power and duty is imposed on the court, in each case within the scope of this provision, to determine and adjudge against the husband all the wife's reasonable expenses in the case. This includes her attorneys' fees, and when the court has determined the reasonable amount thereof, the determination is conclusive on all concerned, parties and attorneys. See *Husband* v. *Husband*, 67 Ind. 583. The sum so allowed having been determined to be the fair and reasonable fee, there is no ground left for claiming a further sum as a lien upon the decree for alimony. The only basis for claiming such a lien, if it can be claimed at all under the statute, in the absence of a binding contract, is, that it is just and reasonable; and, when the court has already determined and allowed what is just and reasonable in the particular case, the entering of a lien for more is necessarily unjust and unreasonable, and therefore not permissible.

Judgment affirmed, with costs.