Yost *v.* Yost.

Filed May 28, 1895.

---

No. 17,263.

## Yost *v.* Yost.

DIVORCE.—*Suit Money.*—*Alimony.*—*Abuse of Discretion.*—Where in a suit for divorce, by the wife, the evidence showed the |husband to be the owner of property worth from $2,200 to $3,750, and that the wife had no property or means, that a reasonable fee for the wife's attorney was $100, the awarding of only $25 for "suit money" and $100 for alimony was not the exercise of a proper discretion by the trial judge, and was error.

SAME.—*Allowance.*—*Discretion.*—*Supreme Court Practice.*—The question as to what amount shall be decreed in any particular case is a matter of judicial discretion within the province of the trial court, and depends upon the facts and circumstances of each particular case, and the Supreme Court will only interfere when it is apparent that this discretion has been abused.

From the Cass Circuit Court.

*R. Magee* and *G. W. Funk*, for appellant.

*M. D. Fansler*, *M. F. Mahoney*, *G. S. Kistler* and *F. M. Kistler*, for appellee.

JORDAN, J.—This was an action by appellant against appellee for a divorce and alimony upon the grounds of cruel treatment. Appellee appeared and filed his answer in denial, and also a cross-complaint whereby he sought a divorce from appellant, his wife, for alleged cruel treatment. Upon the issues joined a trial was had, which resulted in the court finding in favor of appellant and granting to her a divorce, and awarding her $100 alimony.

There was a finding against appellee upon his cross-bill. Appellant thereupon moved for a new trial, and, among other things, assigned as a reason therefor that the finding of the court as to the amount of alimony fixed is not sustained by the evidence; and that the same is contrary both to the law and the evidence, and is insufficient in amount. That the finding of the court in refusing to allow the appellant a sum sufficient to cover reasonable expenses, in the prosecution of her action, and in refusing to allow her any sum for attorney's fees in the prosecution of her petition, is contrary to the law and the evidence. This motion was overruled and excepted to, and a judgment rendered in favor of appellant upon the finding. Appellant then moved the court to modify that part of the judgment awarding her $100 alimony, and render the same for an amount in excess of that sum, and also to allow and order that the defendant pay the sum of seventy-five dollars to plaintiff on the account of attorney's fees incurred by her in the prosecution of her action. This motion was overruled and the proper exception was reserved.

The errors assigned and argued by the learned coun-

sel for appellant are, the overruling of the motion for a new trial, and of that to modify the judgment. In fact, the only questions presented by her counsel, in their brief, are those relative to the insufficiency of alimony and the action of the court in refusing to allow attorney's fees. It appears from the evidence in the record that the parties had been married and lived together as husband and wife for a period of nine years; that the wife is 65 years of age, and the husband 68; that at the time of their marriage appellant was a widow and appellee a childless widower; and that no children were born unto them by virtue of said union. It also appears that the married life of these parties was not, strictly speaking, happy or congenial.

There is evidence tending to show that the appellant was actuated upon her part in accepting the appellant as her husband through pecuniary motives, and appellee, upon his part in taking appellant as his wife, was induced by his desire to obtain a housekeeper or servant. At the time of their marriage he had property, but she had no property or means whatever. The evidence also shows cruel treatment upon the part of appellee, and a neglect or refusal to discharge the conjugal duties incumbent upon him as a husband. Upon one occasion appellee choked and otherwise maltreated the appellant and compelled her, at a late hour at night, to leave his home and seek refuge with friends.

The evidence also establishes that the appellee is the owner, in fee simple, of real estate improved and unimproved, situate in the city of Logansport, Indiana, ranging in value from $2,200 to $3,750, and on one piece of this realty there is situated a business building, the rental value of which appears to be about $375 per annum. All of this property was accumulated by the appellee before he and appellant were married. The

latter has no means or property whatever, and has to support herself by doing washing and performing other domestic work.   Appellee introduced a witness who was an attorney at law, at the bar of the Cass Circuit Court, who fixed as a reasonable attorney's fee for the prosecution of the action, the sum of $100.   There was no evidence contradictory to that given by this witness. After the commencement of the suit, and before the trial, the court upon application of appellant ordered and required appellee to pay the sum of $25 to appellant. This was all the allowance made in said cause.   The question arises upon the evidence before us, did the trial court exercise a sound discretion in awarding the appellant but $100 as alimony; and upon decreeing the divorce in her favor, refusing to allow her any sum to defray her reasonable expenses, including her attorney's fees?   Section 1057, R. S. 1894; 1045, R. S. 1881, provides "that the court shall make such decree for alimony in all cases contemplated by this act, as the circumstances of the case shall render just and proper."   By the first clause, section 1054, R. S. 1894; 1042, R. S. 1881, it is provided that, pending a petition for a divorce, the court or judge may make such orders relative to the expenses of such suit as will insure to the wife an efficient preparation of her case, etc.   The second clause of this section provides:   "And on decreeing a divorce in favor of the wife, or refusing one on application of the husband, the court shall, by order to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition when such divorce has been refused."

The temporary allowance authorized by the first clause in the above section is commonly denominated "suit money," and is for the purpose of insuring to the wife an efficient preparation of her case and a fair and

impartial trial thereof. *Davis* v. *Davis*, 141 Ind. 367; *Musselman* v. *Musselman*, 44 Ind. 106; *Harrell* v. *Harrell*, 39 Ind. 185.

In the case last cited this court said: "It is made the imperative duty of the court in decreeing a divorce to the wife, or in refusing one to the husband, to make an allowance sufficient to cover all reasonable expenses of the wife in the prosecution or defense of the action. The language of the statute is, that the courts shall make such orders, etc." The court, however, in making this final allowance to the wife, should take into consideration any other allowances that were made to her during the pendency of the action under the first clause of this section. *Harrell* v. *Harrell*, *supra*. The evidence of the witness to which we have referred, fixed as a reasonable attorney's fee for the prosecution of this action $100, or $75 after deducting the $25 paid by appellee pending the action.

This was not contradicted by appellee, and his failure to do so ought to be regarded as an admission on his part that the amount of the attorney's fee, as stated and fixed by the witness, was reasonable. *Musselman* v. *Musselman*, *supra*.

The "reasonable expenses" of the wife include her attorney's fees. *McCabe* v. *Britton*, 79 Ind. 224.

We recognize the fact, under the repeated decisions of this court, that the amount allowed to the wife under this section of the statute is a matter of sound discretion upon the part of the trial court, and that this court will not interpose upon an appeal except where there is an abuse of this discretion. We must presume that when the court awarded the appellee $25 during the pending of her petition he did so for the purpose of enabling her to make an efficient preparation for trial, as provided by the statute. It is obvious, we think, that, prior to the

trial, the court could not be fully apprised or informed as to what would be the amount of the reasonable expenses that the wife would incur during the trial of the cause. The allowance made *pendente lite* is made regardless of the merits of her petition, or as to what the result of the trial may be.   The final determination by the court of the reasonable expenses that ought to be allowed to the wife under all the evidence and circumstances in each particular case under this second clause is a matter which must necessarily be postponed until the ultimate decree is rendered.   In the event the wife is the petitioner, and her prayer for a divorce be denied, the court can not exercise any power under this clause of the statute.   But when the trial is concluded and the wife succeeds upon her petition or the husband has been defeated upon his application, the entire cause, with all of its attending events and circumstances, including the length of the trial and the character of the contest, together with other matters, which are, or may be, proper for the court to consider in order to determine what are, in the particular case, the "reasonable expenses" of the wife in the prosecution or defense of the action, have all come under the immediate observation of the court or may be properly and fully presented.   In fact the trial court can not, generally speaking, be apprised or fully informed of such matters as will enable it to make its ultimate order upon this question until the pendency of the action has terminated.   We are of the opinion that the action of the court in refusing to make an additional allowance to appellant, at least for the reasonable fees of her counsel incurred by her, under the evidence and facts herein, can not be sustained.   The next and only remaining question to be considered is that arising upon the action of the court in its award of alimony, the amount of which, counsel for appellant insist, is wholly

unjust and palpably insufficient. By the terms of section 1057, *supra*, the court is required to give alimony to the wife in such a sum as the circumstances of each case shall render just and proper.

We yield adherence to the well and firmly settled rule that the question of what amount shall be decreed in any case is a matter of judicial discretion within the province of the trial court, and depends upon the facts and circumstances, under the law, in each particular case; and this court will only interfere when it is apparent that this discretion has been abused. It is also manifest that no infallible or inflexible rule can be laid down for the guidance of the court in its award of the sum which the husband shall pay to the wife, whom he has injured, by reason of the wrongs and grievances of which she has complained and which she has sustained by the evidence upon the trial. For the purpose of determining what amount, if any, shall be adjudged against the husband, in a particular case, the court has a right, and it is its duty, to inquire into the condition of each party to the action and ascertain the amount of property owned and held by the husband at the time, the source from whence it came, how accumulated, and whether or not the wife, by her industry and economy, has contributed to the accumulation of the same; the ability of the husband to pay, by reason of his financial status; his income, his ability to earn money, or inability to do so by reason of old age, ill health or other causes, and, upon a full investigation of these matters, and others that may arise and are germane to this issue, make such an allowance as will be just and proper. *Hedrick* v. *Hedrick*, 128 Ind. 522.

The principal reason, or object of the law in granting to the wife, upon divorcement from her husband, the right of alimony, is that the sum allotted to her shall be

in lieu of her interest in his estate, and of the support which he, as such husband, is bound to provide. *Musselman* v. *Musselman, supra; Hills* v. *Hills*, 94 Ind 436.

The conduct of the husband, and the wrongs perpetrated by him upon the wife, are matters that may be considered against him by the court in fixing the amount to be allowed. *Ifert* v. *Ifert*, 29 Ind. 473.

It is said by an eminent author: ''No one should be permitted to suffer in purse from the wrongs of another; hence alimony, when given to an innocent and injured wife, should be in a proportion to leave her at least as well off pecuniarily, in noncohabitation, as she would be in cohabitation.'' 2 Bishop Marriage and Divorce, section 468.

As we have seen, in the case at bar, the court divorced appellant upon the grounds of cruel treatment at the hands of appellee. It is undisputed that appellee is the owner of real estate, and that he is virtually free from indebtedness. The testimony of his own witnesses fixes the value of the same to be at least $2,200, or from that sum to $2,500, while upon the other side that of appellant's witnesses fixes it, we believe, from $2,500 to $3,750. Appellant has no property or means, and for her support in her old age she must rely upon her labor or the charity of her friends. She appears to have served the appellee, in the capacity of his wife, for a period of nine years, and if her statements, with that of others, are to be accepted as true, she submitted to and endured many grievances arising out of the acts of appellee. We, however, recognize that, under all the facts and circumstances in the case at bar, it is not one that invokes a very liberal award of alimony. But, however, we can not yield judicial sanction to the contention of appellee's learned counsel, that the lower court exercised a sound discretion in only allowing the sum in question. We do

not think, under the facts, and within the meaning and spirit of the law, it was "just and proper" for the court, upon decreeing a divorce to appellant on account of the wrongs of appellee, to bid her depart from the forum of justice with the small amount in controversy as the sum total to be allowed in her favor. In this, and also in refusing to allow the reasonable expenses in question, we are of the opinion that the learned judge presiding at the trial did not exercise a proper judicial discretion, and, therefore, erred.

As this court, in the exercise of appellate jurisdiction, has the power to so mould its judgments and mandates as to secure the proper relief, or justice, to the party or parties entitled thereto, we should much prefer to exercise that power in order to provide a way by which this result might be obtained without disturbing that part of the decree divorcing the parties. But, as the value of the property owned by appellee may have changed since the judgment was originally rendered, and likewise the circumstances and conditions of both parties, it will be proper and right, and better, perhaps, we think, subserve the ends of justice for the lower court to hear and consider the entire case *de novo*.

It is, therefore, ordered that the judgment be reversed, and that the court grant appellant's motion for a new trial upon all issues, and for further proceedings in accordance with this opinion.

Filed June 13, 1895.