## GINTER v. GINTER.

[No. 8,297.   Filed April 21, 1914.]

1. DIVORCE.—*Alimony.*—*Discretion of Court.*—The question of the amount of alimony to be allowed is a matter of discretion to be determined from the evidence and circumstances of each case, and where the evidence as to the defendant's property was conflicting, and it was shown that his health was somewhat impaired, that plaintiff was industrious and did considerable sewing for other people, and that they had but one child who was nineteen years of age, an allowance of $100 was not such an abuse of discretion as to justify a reversal. p. 101.

2. DIVORCE.—*Attorney's Fees.*—*Statutes.*—Under §1080 Burns 1914, §1042 R. S. 1881, providing for allowances of reasonable expenses in favor of the wife in a divorce proceeding, it is the imperative duty of the court in decreeing a divorce to a wife, or refusing one to the husband, to make an allowance sufficient to cover all her reasonable expenses in the prosecution or defense of the action, so that where a divorce was decreed to a wife in an action in which a preliminary allowance of $25 had been made for her attorneys' fees, it was error for the court to refuse a further allowance of $50 for the payment of her attorneys on an undisputed showing that their services were reasonably worth the sum of $75, although as a general rule the amount of such an allowance is within the discretion of the court. p. 101.

3. APPEAL.—*Review.—Disposition of Cause.—Modification of Judgment.*—Where on appeal in a divorce proceeding it is found that the only reversible error was in the matter of allowance for the wife's attorney's fees, and it is apparent that no good purpose can be subserved by ordering a reversal, the judgment will be ordered modified to correct the error and will stand affirmed as so modified.  p. 103.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by Mary Ginter against Louis Ginter. From a judgment for plaintiff, the plaintiff appeals. *Modified* and *affirmed.*

*Stotsenberg & Weathers* and *Herbert P. Kenney,* for appellant.

*Charles L. Jewett* and *Henry E. Jewett,* for appellee.

FELT, J.—This is a suit by appellant, plaintiff below, against appellee for divorce and alimony, on the ground of cruel treatment, habitual drunkenness and failure to provide.  The complaint in two paragraphs was answered by general denial and by a plea of condonation.  To the latter plea the appellant replied by alleging in substance that since the alleged condonation, the wrongful acts of appellee had been revived by their repetition.  Upon trial of the issues the court found for appellant for divorce, $100 alimony, and awarded her the custody of their minor child.

On November 23, 1911, after the finding of the court was announced, and before judgment was rendered, the appellant filed her verified application for an allowance for expenses incurred by her for attorney's fees, in which she showed the employment of her attorneys, the services rendered by them and that their fee was $75.  On this petition she requested the court to allow her $50 additional expenses incurred for attorney's fees.  With her application she filed the affidavit of John H. Weathers, one of her attorneys, in which he set forth the work done in bringing the suit, making up the issues, and in the preparation and trial of the case; that after preparing for the trial, a day was spent in

the trial and thirty witnesses examined; that thereafter on another day the case was argued orally in which both members of the firm of Stotsenburg & Weathers participated; that they charged the plaintiff $75 for their services, which amount was a reasonable fee. Appellee appeared to the application but did not offer proof to question or dispute the amount of the fee in any way.

On November 25, 1911, the court overruled the application for an allowance for attorney's fees, to which appellant duly excepted. On the same day appellant filed her motion for a new trial on various grounds including the overruling of her motion for an additional allowance for expenses and alimony. The motion was overruled and the court thereupon rendered judgment in accordance with the finding previously announced. Thereupon the appellant moved the court to modify the judgment (1) by increasing the alimony to such a sum above $100 "as would be fair and just under the evidence of the case", and (2) by inserting in the judgment an allowance and order against the defendant requiring him to pay the plaintiff the sum of $50 for her expenses, in employing attorneys in the suit. This motion was overruled.

Errors are assigned by which appellant presents for our decision two questions, viz., (1) that the alimony allowed to her is unfair and insufficient in amount under the facts of the case; (2) that the court erred in refusing to allow her reasonable expenses for attorney's fees. No objection is made to the manner in which the questions are presented, except appellee insists that the questions cannot be considered without an examination of the evidence, and that appellant has failed to comply with the rules of the court in setting out a condensed recital of the evidence in narrative form in her briefs. The evidence has since been supplied and filed by permission of this court.

The evidence shows that the parties were married in May, 1891, and separated on December 10, 1910; that they have

one surviving child, a son nineteen years of age; that
1.   they had previously separated two or three times, but
had become reconciled; that appellee was an indus-
trious mechanic and for a time some years ago had operated
a saloon; that appellant was industrious and a good house-
keeper, and did considerable sewing for other people; that
at the time of the separation, and of the trial, appellee's
health was somewhat impaired.   The evidence as to the
amount of appellee's property was conflicting.   The ques-
tion of the amount of the alimony is one to be determined by
the trial court from the evidence and the circumstances of
each particular case.   While the amount allowed appellant
is small, yet considering the circumstances of the case, the
condition of the parties and the conflicting evidence as to the
value of appellee's property, we can not say from the record
that there was such an abuse of the discretionary power
given the trial court as will justify this court is reversing
the judgment on the ground of the insufficiency of the ali-
mony awarded the appellant.   The trial court is rightly
given broad discretionary power in determining the amount
and it is only in cases where it clearly appears that the court
has abused its discretion that this court will reverse a judg-
ment for the insufficiency of the amount of alimony allowed.

The refusal of the court to allow the additional amount
asked for attorney's fees, on the facts of the case, presents
a more difficult question.   The statute (§1080 Burns
2.   1914, §1042 R. S. 1881), provides that pending a
petition for divorce, the court may make such orders
relating to the expenses of such suit as will insure to the
wife an efficient preparation of her case and a fair and im-
partial trial thereof.   On decreeing a divorce in favor of
the wife or refusing one on the application of the husband,
"the court shall,   *   *   *   require the husband to pay all
reasonable expenses of the wife in the prosecution or de-
fense of the petition when such divorce has been granted or
refused."   In *Yost* v. *Yost* (1895), 141 Ind. 584, 41 N. E.

11, the Supreme Court passed upon the question of the allowance of the wife's expenses for attorney's fees. In that case, as in this, a preliminary allowance of $25 had been made and the court granted the divorce and awarded $100 alimony to the wife, but refused to allow the $75 additional expenses incurred by her for attorney's fees. A witness was introduced who testified that the attorney's fees were reasonably worth $100 and no evidence to the contrary was offered. The court in passing on the question quoted with approval from *Harrell* v. *Harrell* (1872), 39 Ind. 185, where it was held to be the "imperative duty of the court, in decreeing a divorce to the wife, or refusing one to the husband, to make an allowance sufficient to cover all reasonable expenses of the wife in the prosecution or defense of the action. The language of the statute is, that the courts shall make such orders." In speaking of what was a reasonable allowance the court said: "the amount allowed to the wife under this section of the statute is a matter of sound discretion upon the part of the trial court, and that this court will not interpose upon appeal except where there is an abuse of discretion." *Yost* v. *Yost, supra,* 588. But the court held that where there was proof of what was a reasonable fee for the wife's attorneys, and it was not contradicted, failure to contradict such proof was an admission that the amount of the fee so proven was reasonable, and concluded by saying: "We are of the opinion that the action of the court in refusing to make an additional allowance to appellant, at least for the reasonable fees of her counsel incurred by her, under the evidence and facts herein, can not be sustained." *Yost* v. *Yost, supra,* 589. See, also, *Musselman* v. *Musselman* (1873), 44 Ind. 106, 121.

The question here presented is identical with that decided by the Supeme Court, and we find no way of distinguishing the case at bar from the cases decided by that court. While the rule seems to be somewhat at variance with the doctrine of the discretionary power of the trial court, the point is

squarely presented and decided by the foregoing decisions. We are bound by those decisions and therefore hold that it was error to refuse to allow the additional amount asked by appellant for attorney's fees, since the proof that the amount requested was reasonable was not questioned or disputed and the reasonableness of the amount, under the authorities cited, was thereby admitted by appellee. If the question were open for determination by this court, we would not be disposed to carry the rule to the extent of holding that failure to contradict the proof of the amount of the fee claimed by the wife's attorneys should have the effect of settling absolutely the reasonableness of the amount so proven, but would incline to the view that the question of the amount would still be within the sound discretion of the trial court, to be determined from the proof offered on the particular question and all the facts and circumstances of the case shown by the evidence, since the determination of the final allowance, both by the statute, and by the decisions is deferred until the decree of divorce is granted the wife, or denied on application of the husband. §1080 Burns 1914, §1042 R. S. 1881; *Hilker* v. *Hilker* (1899), 153 Ind. 425, 429, 55 N. E. 81; *Henderson* v. *Henderson* (1887), 110 Ind. 316, 319, 11 N. E. 432; *DeRuiter* v. *DeRuiter* (1901), 28 Ind. App. 9, 21, 62 N. E. 100, 91 Am. St. 107.

In *Yost* v. *Yost, supra,* the Supreme Court on page 592 said: "this court, in the exercise of appellate jurisdiction, has the power to so mould its judgments and mandates as to secure proper relief, or justice, to the party or parties entitled thereto." In *Buchanan* v. *Milligan* (1886), 108 Ind. 433, 435, 9 N. E. 385, the court said: "It is in accordance with this general principle that it is held that appellate courts may modify a judgment, or may reverse in whole or in part, as the justice of the case requires." Considering the character of the issue, the amount of property and the cost involved, we do not believe the ends of justice will be best subserved by reversing the

104    APPELLATE COURT OF INDIANA,

Washburn-Crosby Mill. Co. *v.* Brown—56 Ind. App. 104.

judgment and thereby necessitating the retrial of the case. It is therefore ordered that the lower court sustain appellant's motion for an allowance of $50, without interest, in addition to the amount heretofore adjudged against him in this suit; that the judgment of the lower court, when so modified, be and the same is hereby affirmed.

Since the appellant appealed to secure a right given her by statute, it is therefore further ordered and adjudged that the appellee pay the costs of this appeal.

NOTE.—Reported in 104 N. E. 989. As to nature of decree for alimony, see 102 Am. St. 702. See, also, under (1) 14 Cyc. 769, 771; (2) 14 Cyc. 764, 765; (3) 3 Cyc. 424.