Filed Dec. 19, 1884.

---

No. 12,008.

## SWIGART *v.* THE STATE.

INTOXICATING LIQUOR.—*Selling to Minor.—Excuse.—Burden of Proof.—Instructions.*—One who sells liquor to an infant has the burden of showing an excuse therefor; and an instruction that if the appearance of the infant indicated that he was of full age, and he had so stated to the accused, the latter is excusable, is not correct.

From the Henry Circuit Court.

— *Brown* and *R. Warner,* for appellant.

*F. T. Hord,* Attorney General, *G. W. Duncan,* Prosecuting Attorney, and *W. B. Hord,* for the State.

HAMMOND, J.—Conviction for selling intoxicating liquor to a minor. Questions growing out of overruling appellant's motion for a new trial are the only ones discussed in his brief. The sale to and the minority of the prosecuting witness are not disputed. The evidence fairly showed that such witness, at the time of the sale, was lacking only a few days of being twenty years of age. It is claimed, however, that appellant made the sale in the *bona fide* belief that the purchaser had attained his majority. There was conflict in the evidence as to whether his appearance indicated that he was of full age. Perhaps it would be stating it as strongly in appellant's favor, as the evidence justified, to say that from the appearance of the prosecuting witness one was left in doubt with respect to his minority. In such case it can not be said as a matter of law that the sale was excusable. Indeed, it is more reasonable to hold that the doubt was sufficient to put the seller upon

his guard, and that, in making the sale, he voluntarily assumed the risk of prosecution and conviction.

There was evidence tending to show that the prosecuting witness had, prior to the sale in question, in response to inquiries as to his age, informed appellant and other saloon keepers that he was over twenty-one years of age. These representations were testified to as having been made when he called for liquor, and to enable him to purchase it. The witness denied having made these statements.

We could not, under a well settled rule of practice, disturb the judgment upon a question of veracity between witnesses, even if the question of appellant's guilt or innocence wholly depended upon the correct decision of such question of veracity. Had the jury found that the prosecuting witness did misrepresent his age, as testified to, it would not legally follow that appellant should have been acquitted. There might be circumstances that would excuse a sale of intoxicating liquor to a minor on his statement that he was over twenty-one years of age. Other circumstances, again, might not excuse such sale. Where the minor's appearance is suggestive of doubt as to his infancy, a sale to him upon his own statement that he is of full age might or might not, according to the peculiar surroundings of each case, satisfy a jury that the sale was in good faith under the honest and reasonable belief of the seller that the purchaser was an adult. But if, in such case, there was a conviction, this court would not undertake to say that it was erroneous.

Complaint is made of instructions given, and of the refusal to give others. No specific objection is pointed out to those given, and we do not discover any fault in them. The appellant tendered three instructions. The first was given; the third was covered by one given by the court on its own motion; and the second was bad. This instruction would have informed the jury, in effect, that the sale was excusable if the appearance of the prosecuting witness indicated that he was of age, and if he had previously represented to the appellant

that his age was over twenty-one years. Aside from such appearance and representations, supposing there was evidence tending to prove both, there may have been other circumstances in the case from which the jury would infer that the sale was not made in good faith. The instruction omitted altogether the main question for the jury to determine, namely, whether the sale was made under a belief, honestly and reasonably entertained by the appellant, that the prosecuting witness was an adult. Whether such belief was honestly entertained by the appellant, and whether, under the evidence, he had reasonable ground therefor, were questions of fact exclusively for the jury. It would have been error for the court to tell the jury that the proof of certain facts was sufficient to authorize an inference of good faith in the sale. This was for the jury to determine from all the evidence bearing upon the question. The burden was upon the appellant to show that he made the sale in the belief, reasonably as well as honestly entertained, that the purchaser was of full age. We can not say from the evidence, as it comes to us in the record, that the proof introduced by him on this point was sufficient to raise a reasonable doubt of his guilt.

There was no error in overruling the motion for a new trial.

Affirmed, with costs.

