Filed Sept. 22, 1886.

---

No. 13,086.

Taylor v. The State.

CRIMINAL LAW.—*Permitting Minors to Play Pool.*—Where, in a prosecution for allowing minors to play pool in violation of law, the State makes a *prima facie* case, the defendant, to authorize an acquittal, must show that he acted in good faith, and under an honest and reasonable belief that the minors were of full age.

From the Wells Circuit Court.

*C. M. France* and *M. W. Lee*, for appellant.

*F. T. Hord*, Attorney General, and *E. C. Vaughn*, Prosecuting Attorney, for the State.

MITCHELL, J.—Section 2087, R. S. 1881, prescribes a penalty of not more than fifty, and not less than five dollars against any one who, while owning or having the care, management, or control of a pool table, allows, suffers, or permits any minor to play pool upon such table.

Taylor *v.* The State.

The appellant was found guilty upon an indictment charging him with having allowed Joseph D. Gregg and Charles Fritz, both of whom it is charged were minors, to play a game of pool upon a table of which he was the owner.

The only ground upon which a reversal of the judgment is asked is, that the evidence does not sustain the finding of the jury.

The evidence, which is in the record, shows without any conflict, that Gregg and Fritz, with the appellant's permission, played a game of pool on his table, the first named being about twenty, and the other eighteen years old.

It is said, however, that the appellant and James Boden, his clerk or bartender, both testified that each of the minors said, in response to an inquiry from the appellant at the time, that he was over twenty-one, and that the appellant testified further, that he permitted them to play after such inquiry and answer, in the belief that they were over twenty-one years old, and without any knowledge to the contrary.

The argument is, that this testimony was sufficient to have raised a reasonable doubt as to the appellant's guilt, and that being sufficient for that purpose, we must reverse the judgment for want of evidence in support of the finding of the jury. The argument omits two important factors which must be considered: 1. Both Gregg and Fritz testified unequivocally that no inquiry whatever was made of them, and no representation by them concerning their age. The jury may have believed Gregg and Fritz, instead of the appellant and Boden. In that event, since it appears that the appellant predicated his belief, that the boys were of age, solely upon the inquiries and answers, the making of which were affirmed on one side and denied on the other, there would have remained nothing to raise any doubt whatever as to the appellant's guilt. 2. Besides, even if the inquiries and answers were made and given in the manner claimed in appellant's behalf, it would not necessarily follow that the jury must have acquitted. A *prima facie* case having been made by

the State, the necessity was upon the appellant to make it appear that, acting in good faith, he believed, and had good reason to believe, that the minors whom he permitted to play pool, in violation of the policy of the statute, were of full age. Notwithstanding the inquiries and answers, there may have been other facts and circumstances in the evidence which left no reasonable doubt in the minds of the jury that the appellant did not act in good faith, and under an honest and reasonable belief, that the minors were of age. *Swigart* v. *State*, 99 Ind. 111.

The judgment is affirmed, with costs.

