*J. U. Pettit* and *R. M. Weir*, for appellee.

---

KENEMER *v.* KENEMER.

DIVORCE.—PLEADING.—A petition for divorce by the husband contained no allegation that the plaintiff was without fault, but it was alleged that the peace and happiness of the family were destroyed in consequence of the violent temper and misconduct of the defendant.

*Held*, that the allegations were sufficient to charge the fault upon the defendant.

ALLOWANCE, PENDING THE ACTION.—Where the wife has sufficient funds or credit for the purposes of her defense and present support, the husband cannot be required to furnish money for such purposes pending the action.

APPEAL from the *Fayette* Circuit Court.

RAY, J.—This was an application by the appellee for a divorce from his wife, the appellant. The petition charges

that the appellant has refused to perform the duties belonging to her position; that the appellee is a farmer, and that the appellant refused to cook for the family, to sew the clothing, or to milk the cows, and would frequently leave the bed and board of the plaintiff for weeks at a time, and refuse to return until it pleased herself; that in consequence of her misconduct and violent ill temper the peace and happiness of the family were broken; that she has violently beaten and ill-used the children of the plaintiff by his former marriage, until some of them were compelled to leave the house for protection during his absence. It is also charged that the appellant has been carrying, for a long time past, concealed weapons, to-wit: a *Spanish* or *French* dagger, and has threatened to use the same upon the children of the plaintiff, and that he has reason to, and does, fear that she will do his children or himself some great bodily harm. A demurrer was overruled to the petition. We regard the action of the court as correct. It is true that there is no averment that the plaintiff performed all his duties as a husband, but the allegation that the peace and happiness of his family were destroyed in consequence of the misconduct and violent ill-temper of his wife, is sufficient to charge the fault upon the appellant. In this case there were five girls between the ages of eight and sixteen years, the children of the plaintiff, and when the appellant entered into the marriage contract she assumed duties towards these children, and a gross neglect of these duties would be a sufficient cause for sustaining an application on the part of the husband for a divorce. There was evidence which sustained the material averments of the petition, and the practice of this court is too well settled to require any discussion of the question whether the case should be reversed upon a simple conflict in the evidence.

It is urged that the court erred in refusing to make an order upon the plaintiff to furnish a sufficient sum of money to aid the appellant to defend the action. We could not reverse the case on account of this ruling of the court,

unless it appeared that some injury or prejudice to the rights of the appellant resulted therefrom. The affidavit in support of the motion for an order upon the plaintiff to furnish money for her defense, states that "she has but little available means." The petition alleged that she was the owner in her own right of valuable real estate, and had received considerable sums of money. If she had either funds or credit sufficient for the purposes of her defense and her present support, it would have been improper for the court to require her husband to furnish money for such purposes, pending the litigation. Her affidavit does not show such a state of facts as would require the court to make such an order upon the appellee.

It is objected that the sum of $1,500, allowed by the court to the appellant as alimony, is insufficient. The parties had both been married before, and had each real property, and had also children by their former marriage, and none by the marriage which this action was brought to dissolve, and which had existed only about three years. The property of the appellee amounted in value to perhaps $10,000. It is not shown that the wife contributed, during the three years she resided with her husband, to increase his resources. The income from her own property did not go into the common fund. We cannot say, under all the facts, that there has been an abuse of a proper legal discretion in fixing the amount of alimony.

The judgment is affirmed, with costs.

*B. F. Claypool*, for appellant.

*J. S. Reid*, for appellee.