CONN v. CONN.

DIVORCE.—*Custody of Child.*—*Allowance for Support.*—It is not imperative upon the court, in an action for divorce, where the custody of a minor child of the parties is granted to the wife, to decree an allowance to the wife, from the husband, for its support.

SAME.—*Obligation of Father.*—*Liability for Necessaries.*—The rendition of a decree of divorce in favor of the wife, and the granting to her of the custody of minor children of the parties, do not relieve the husband of his obligation to provide means for their support and education.

SAME.—The father has the legal right to the custody of his children, unless it be clearly shown that he is unfit for, or grossly at fault in, its exercise.

SAME.—*Alimony.*—*Discretion of Court.*—*Supreme Court.*—The discretion of the circuit court as to the amount of alimony to be allowed to the wife, on granting her a decree of divorce, will not be revised by the Supreme Court on appeal, unless exercised indiscreetly.

From the Cass Circuit Court.

*D. P. Baldwin* and *M. Winfield*, for appellant.

*S. T. McConnell*, for appellee.

BIDDLE, J.—The appellant filed her petition for divorce, against the appellee.

The appellee answered, and filed a cross-petition.

The court decreed the divorce on the original petition, allowed the appellant two thousand dollars alimony, two hundred and fifty dollars to pay attorney fees, and fifty dollars allowance to enable her to prosecute her suit, making in all two thousand three hundred dollars. The

court also decreed the custody of two of their children, Emma Conn, aged seven years, and Anna E. Conn, aged two years, to their mother, the appellant; and the custody of George Conn, aged nineteen years, Mary Jane. Conn, aged sixteen years, Ellen Conn, aged thirteen years, and Robert M. Conn, aged ten years, to their father, the appellee.

An appeal from this decree is brought to this court.

The appellant raised several questions in the record, but discusses in his brief only three:

1.   The alleged error of the court in refusing to make an allowance for the care and support of the minor children, Emma Conn and Anna E. Conn, committed to the custody of the appellant;

2.   The alleged error of the court in refusing to give the custody of Mary Jane Conn, Ellen Conn and Robert M. Conn to the appellant, and granting such custody to the appellee; and,

3.   The insufficiency of the amount of alimony allowed.

1.   The appellant, in support of the first question, insists, that, in giving the custody of the minor children to the appellant, it became the imperative duty of the court to make an allowance to the appellant for their care and support, independent of the amount granted as alimony. Section 20 of the divorce act (2 R. S. 1876, p. 331,) enacts, that " The court shall make such decree for alimony in all cases contemplated by this act, as the circumstances of the case shall render just and proper," etc.

Section 21 enacts, that " The court in decreeing a divorce shall make provision for the guardianship, custody, support, and education of the minor children of such marriage."

It is a familiar legal principle, that all parts of an act must be so construed as to harmonize with one another.

Granting alimony is discretionary in the court, as the circumstances of the case shall render just and proper;

and we think it would be anomalous to hold, that granting an allowance for the support of minor children was imperative upon the court, under all circumstances. That there might be a case—as where a father had means at his command and had denied his minor children support, protection, care or education, and was squandering his means which should be used in such support, protection, care and education—in which it would become the court's imperative duty to make such allowance, we doubt not; but the facts before us make no such a case.

The evidence shows that the appellee is a farmer, an industrious, saving, money-getting man. It does not show any unwillingness on his part to support and educate his minor children, nor that he is unfitted for the discharge of such duties reasonably, according to his circumstances. The decree does not deny the right of the children to be supported and educated by their father, nor is he absolved from such obligation by the decree. Such right and obligation are the same as though no divorce had been decreed, or the custody of the children had not been given to the mother. Besides, the discretionary power of the lower court must have been clearly abused to authorize an appellate court to revise it. In this case, we cannot say that such power was improperly exercised.

In the case cited by the appellant, *Bush* v. *Bush*, 37 Ind. 164, the question was not one of making an allowance, but of the custody of the children, and therefore does not support his view.

2. As to the second question, we think the custody of the older children was properly given to the appellee. The father has the legal right to the custody of his children, unless it is clearly shown that he is unfit to discharge his duty toward them, or is grossly at fault in its exercise. He is charged with the obligation of their support and education, and he must be allowed to do it in his own way, unless there are strong reasons for the law

to interfere with his right.   No such reasons have been shown in this case.

3.   The evidence shows, that the appellee was the owner, at the time of the decree, of real estate of the value of about nine thousand dollars, and of personal property of the value of about one thousand or fifteen hundred dollars, accumulated by the labor and prudence of both parties during twenty years.   Upon this basis, we can not say, as an appellate court, that the allowances made by the court below were insufficient in amount. Perhaps the facts would have warranted a larger amount, but we can not safely say that there was any indiscreet exercise of power by the lower court.   *Garner* v. *Garner,* 38 Ind. 139; *Ryce* v. *Ryce,* 52 Ind. 64; *Powell* v. *Powell,* 53 Ind. 513.

The judgment is affirmed, with costs.