No. 9608.

LOGAN *v.* LOGAN.

DIVORCE.—*Alimony.—Support of Children.—Evidence.*—When a divorce is granted, the court has full authority to provide for the support of children, and, in determining the amount of such provision and of alimony, should consider not only the amount of the husband's present estate, but also his ability to make future earnings; and, in ascertaining his present estate, evidence of its extent shortly before the trial is proper.

From the Decatur Circuit Court.

*C. Ewing* and *J. K. Ewing*, for appellant.

*J. S. Scobey* and *D. Watts*, for appellee.

ZOLLARS, J.—In 1880, appellee filed her petition in the Decatur Circuit Court, praying a decree of divorce from appellant, the custody of their minor child, alimony in the sum of five hundred dollars, an allowance to enable her to prosecute the case, "and for all other proper relief." The petition charges abandonment and failure to support the petitioner and child since August, 1878, and the use of vile and abusive language of and concerning the petitioner. A decree of divorce was rendered in favor of appellee, with $200 alimony, awarding to her the custody of the minor child until the further order of the court, with the right to appellant to visit and see the child, and ordering that appellant pay into court by the first day of January, 1881, $50, and annually thereafter, for six years, a like amount, to be paid to ap-

pellee until the further order of the court, to be used for the support and maintenance of the child. It is claimed by appellant that the amount allowed as alimony is excessive, that the amount allowed for the support of the child is also excessive, and without authority of law, and that the court below erred in the admission of testimony offered by appellee upon these questions. He asks that this court order a modification of the decree, so that the amount allowed for the support of the child be cut off, and the alimony reduced, if not entirely cut off. He does not ask a reversal of the decree granting the divorce and awarding the custody of the child, unless that be necessary to accomplish the objects above stated. It appears from the evidence that the parties were married in the spring of 1876. After the marriage they lived in the family of appellant's father for some months, and then moved upon one of his farms, which appellant cultivated and was cultivating at the time of the separation, in August, 1878. Since the separation, appellee has lived in her father's family, and been supported by him. The child was born about six months after the separation. With the exception of a few months spent in Fort Wayne and Louisville, appellant has been living in his father's family.

The evidence on the part of appellee tends in some degree to show that at the time of the separation appellant was the owner of live-stock, farming implements, household goods, grain and growing crops, of value between $500 and $1,000; that after the separation he sold the same, mostly to his father, and at various times since has been in the possession of money of different amounts, ranging as high as $175 at a time; that his net income for 1877 was $1,000. He has been working upon his father's lands, but whether for wages or a part of the profits, or in what manner, is not apparent, except as an inference from all of the circumstances. Whether at the time the case was commenced, or tried, he was the owner of property of any value is not shown, except as may be inferred from the facts and circumstances given in evi-

dence. The testimony on the part of appellant is in conflict with that on the part of appellee as to the value of his property at the time of the separation, and tends to show that at the time of the trial he was not the owner of any property. At that time he was some over twenty-three years of age, and, for aught that appears, was a man of vigorous health and intellect. •

Upon the evidence in the record, we would not be justified in saying that the amount allowed to the wife, and for the support of the child, is excessive. It is the duty of the trial court, in each particular case, to consider all the facts and circumstances and situation of the parties, and exercise a judicial discretion as to the amount of such allowances.

This court can not interfere in such cases, unless it is clearly apparent that there has been an abuse of such discretion. Such has been the uniform ruling of this court, and it is supported by the law-writers and the adjudicated cases elsewhere. *Powell* v. *Powell*, 53 Ind. 513; *Buckles* v. *Buckles*, 81 Ind. 159; *Eastes* v. *Eastes*, 79 Ind. 363; *Musselman* v. *Musselman*, 44 Ind. 106, 123.

In fixing the amounts of alimony, and for the support of the child, the court must consider the amount of the husband's property, but this is not the sole consideration. It will not do to say that because the husband may have but little property, or none at all at the time of trial, no decree should be rendered for alimony or for the support of children. In many cases, he who has a strong right arm and vigorous intellect is, in fact, more wealthy than another with less health and mind, in the present possession of property; and, hence, the ability of the husband to earn money should be considered in fixing such allowances. 2 Bishop Mar. & Div., sections 446, 457.

It is insisted by appellant's counsel, that the testimony in relation to the amount of property owned by him should have been confined to the date of the beginning of the action, and that the court below erred in the admission of the testimony

of W. H. Stark, Jacob and Euphemia Rybolt, in relation to the amount and value of appellant's property at the time of the separation.

Objections were properly made to portions of the testimony of these witnesses upon this subject, but appellee was allowed to testify more in detail upon the same subject without objection. We do not think that there is available error in the admission of the testimony objected to. The amount of appellant's earnings per year, and his accumulations at the time of the separation, constitute a reasonably safe standard by which to judge of his ability to earn money. Such ability is to be considered in fixing the amount of alimony. Bishop Mar. & Div., sections 446 and 449.

The amount of appellant's property at that time was a proper subject of consideration, also, as tending to show his financial ability at the time of the litigation. It would hardly do to limit the wife in her proofs to the visible and tangible property of the husband at the time of trial or beginning of the action. If such an unbending rule were adopted, the wife, in many cases, could not hope for justice. The husband, after the *delictum*, in anticipation of litigation, might convert his property into money, stocks and securities, and so conceal them that it would be impossible to procure witnesses who could give any information upon the subject of the amount thus converted. See Bishop Mar. & Div., section 450.

Upon the trial below, over the objection of appellant, a witness was allowed to state that John Logan, the father of appellant, owned about 300 acres of land. He was asked the value, but appellant objected, and he was not allowed to answer. We think there is no available error in the admission of this testimony. The fact that the court excluded evidence of the value of the land shows that the alimony was in no way based upon any expectancy of appellant from his father's estate. The evidence shows that since the separation appellant has lived with his father, and been engaged in farming these

lands; whether as a hired man, tenant or partner, is left in doubt. But the fact that he was so engaged under such favorable circumstances tended, in some degree, to show that he was earning money.

It is insisted by counsel for appellant, that the court had no authority to make the allowance for the support of the child. In this counsel are clearly in error. The statute in explicit terms provides that the court in decreeing a divorce shall make provision for the custody and support of the minor children. Section 1046, R. S. 1881. This statute would seem to be plain enough without the citation of authorities, but see *Bush* v. *Bush*, 37 Ind. 164; *Eastes* v. *Eastes, supra; Musselman* v. *Musselman, supra; Cox* v. *Cox*, 25 Ind. 303; *Sullivan* v. *Learned,* 49 Ind. 252; Bishop Mar. & Div., sec. 466.

We are cited by counsel for appellant to the case of *Husband* v. *Husband*, 67 Ind. 583 (33 Am. R. 107). This case in no way conflicts with those above cited. It recognizes fully the power conferred by the statute and the doctrine of the other cases.

This was an action by the divorced wife against the divorced husband, to recover from him for the support of a child, whose custody had been awarded to her when the divorce was granted. It is held, simply, that having taken a decree for divorce and the custody of the child, without having obtained a provision for its support, she could not recover in the manner attempted.

It is further objected that the provision for the support of the child is not warranted under the prayer of the complaint. Under the statute upon the subject of such provision, the objection is clearly not well taken.

We have examined all of the objections argued and suggested by counsel, and find no error in the record for which the judgment should be reversed. It is therefore affirmed, at the costs of appellant.