Filed April 5, 1887.

No. 13,203.

HENDERSON v. HENDERSON.

PRACTICE.—*Pleading.—Argumentative Denial.—Demurrer.—Harmless Error.—Supreme Court.*—It is a harmless error, for which a judgment will not be reversed, to sustain a demurrer to a paragraph of answer which is merely an argumentative denial of the complaint, or some part of it, where a general denial of the entire complaint remains in the record.

SAME.—*Divorce.— Weight of Evidence.*—Where, in a suit for divorce, the finding of the trial court rests upon conflicting evidence, or is sustained on every material point by legal evidence appearing in the

record, the judgment will not, on appeal, be reversed on the weight of the evidence.

DIVORCE.—*Allowances.*—*Alimony.*—*Attorney's Fees.*—*Discretion of Trial Court.*—*Supreme Court.*—*Practice.*—In a divorce case, the allowances to the wife for expenses and attorney's fees, and the allowance of alimony, are largely in the discretion of the trial court, and the Supreme Court will not interfere unless abuse is clearly shown, and unless objections are first made below.

From the Johnson Circuit Court.

*W. H. Barnett, R. M. Miller, H. C. Barnett, G. M. Over-street* and *A. B. Hunter,* for appellant.

*J. L. White, W. J. Buckingham, S. P. Oyler* and *W. A. Johnson,* for appellee.

HOWK, J.—In this case errors are assigned here by appellant, the defendant below, which call in question (1) the sustaining of appellee's demurrer to the second paragraph of his answer, and (2) the overruling of his motion for a new trial.

We will consider these errors in their enumerated order, and decide the questions arising thereunder.

Appellee's complaint herein was filed on the 12th day of November, 1886. She alleged therein, in substance, that she was, and had been for more than fifty years immediately last past, a *bona fide* resident of Blue River township, in Johnson county, Indiana; that on the 20th day of May, 1837, she intermarried with appellant, and, at all times since such marriage, had lived with him as his wife until the 16th day of September, 1885, when she was compelled to and did leave the house and home of herself and appellant, in said township, because of appellant's continuous misconduct and habitual intoxication, and his cruel and inhuman treatment of herself, and since the day last named she had, at all times, lived separate and apart from appellant, and away from their said home; and that appellee had at all times during such marriage, until said separation, performed all the duties devolving upon her, by virtue of such marriage, as a true and

loving wife to her said husband, and had at all times endeav--
ored to induce appellant to depart from his evil way and.
manner of life, but without success.   Appellee then charged
appellant, at great length and with much detail, with specific·
acts of cruel and inhuman . treatment of her, extending·
through a period of twelve years, and with habitual drunk-
enness for the same length of time ; and she alleged that ap-
pellant owned and possessed real and personal property, of
the aggregate value of $35,000, all in Johnson county, and
all earned, gained and accumulated by the joint labors and
efforts of appellee and appellant, during their marriage..
Wherefore, etc.

Appellant answered in two paragraphs, of which the first
was a general denial, and the second paragraph stated a spe-
cial defence ; and he also filed a cross complaint, wherein he·
charged·appellee with cruel and inhuman treatment of him,.
and, on that ground, prayed for a divorce from her.

1.  Appellee's demurrer to the second paragraph of answer,.
for the alleged insufficiency of the facts therein, was sus-
tained by the court; and this ruling is the first error com--
plained of here by the appellant.   We are of opinion that
there is no available error in this ruling of the court.   The·
most favorable view that can possibly be taken of the second·
paragraph of appellant's answer is, that it is merely an ar-
gumentative denial of some of the facts alleged in appellee's·
complaint herein.   That is, it affirms facts which are utterly
inconsistent with some of the facts stated in appellee's com--
plaint, and is, therefore, nothing more than an argumenta--
tive denial of so much of the complaint.   It is a harmless
error at most to sustain a demurrer to a paragraph of answer,
which is merely an argumentative denial of the complaint,
or some part thereof, where, as here, a general denial of the·
entire complaint remains in the record ; because, in such case,.
every material fact, averred in such paragraph of answer, may
be given in evidence under such general denial.   It is well·

settled that a harmless error will not authorize the reversal of a judgment.

Under the alleged error of the court below, in overruling appellant's motion for a new trial, the sufficiency of the evidence to sustain the finding against him is called in question by his counsel. The rule of this court that it will not weigh the evidence, nor reverse the judgment below upon what might seem to be the preponderance of the evidence, applies as well to appeals in chancery or divorce suits, as to appeals in other cases. This court will give the same respect to the finding of the trial court upon the evidence in a suit in equity, or a suit for divorce and alimony, that it has always given to the verdict of a jury or the finding of a court, in an action at law. *Lake Erie, etc., R. W. Co.* v. *Griffin*, 107 Ind. 464. Where, in a suit for divorce, the finding of the trial court rests upon conflicting evidence, or is sustained, on every material point, by legal evidence appearing in the record, the judgment will not be reversed on the weight of the evidence. In the case under consideration, the finding of the court below is sustained, and strongly sustained, we think, by the evidence brought before us, on every material point. In such a case, the finding of the court is not, and can not be, contrary to law.

Appellant's counsel earnestly insist that the circuit court erred in its allowance of alimony to appellee, the amount thereof being too large, and in its allowance to her for attorneys' fees, and the costs and expenses of her suit herein, the amount of such allowance being also too large. It does not appear from the record of this cause that appellant excepted at the time to either of these allowances, or that he moved the court below to modify either of them, on any ground whatever. Appellant can not be heard to claim here, for the first time, that these allowances were illegal or unreasonable in amount, when the record fails to show that he objected below in any manner to such allowances. *Teal* v. *Spangler*, 72 Ind. 380. Besides, the allowances complained

of are, of necessity, largely within the discretion of the trial court, "and the abuse of that discretion must be very clear indeed, to justify this court in interfering with its exercise." *Powell* v. *Powell*, 53 Ind. 513 ; *Conn* v. *Conn*, 57 Ind. 323 ; *Eastes* v. *Eastes*, 79 Ind. 363 ; *Buckles* v. *Buckles*, 81 Ind. 159 ; *Logan* v. *Logan*, 90 Ind. 107.

The evidence in the record of the case at bar wholly fails to show that, in making the allowances complained of here by appellant, there was any abuse of its discretion by the trial court.

We have found no error which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed April 8, 1887.