Crawford *et al. v.* Anderson.

Filed Sept. 17, 1891.

---

No. 15,030.

## CRAWFORD ET AL. *v.* ANDERSON.

|129  117|
|144  620|

| 129  117 |
| f171  555 |

PLEADING.—*Overruling Motion to Strike Out.—Not Reversible Error.*—Overruling a motion to strike out a pleading or a part of a pleading is not error for which a cause will be reversed.

PRACTICE.—*Circuit Court.—Presumption in Favor of Rulings.*—The circuit court is entitled to every reasonable presumption in favor of the regularity of its proceedings. In this court it must affirmatively appear that the court below erred to justify reversing its judgment.

SAME.—*Evidence.—Failure to Object to.*—Alleged error in the admission of evidence will not be considered on appeal where the record fails to show that any objection was made or exception taken in the trial court.

SUPREME COURT.—*Conflicting Evidence.—Reversal of Judgment.*—Where the evidence is conflicting, if there is some evidence tending to sustain the verdict, the judgment will not be reversed by the Supreme Court.

MECHANIC'S LIEN.—*Dwelling and Appurtenant Buildings.— Joint Lien.*—
Where work has been done in the repair of a dwelling-house and out-
buildings, which are appurtenant to the dwelling, a joint lien may be
taken upon the dwelling with the appurtenant out-buildings.

From the Sullivan Circuit Court.

*J. C. Chaney, W. S. Maple* and *C. Chaney,* for appellants.
*W. C. Hultz* and *O. B. Harris,* for appellee.

McBRIDE, J.—This was a suit to recover for work and
labor alleged to have been done by the appellee in repairing
a dwelling house, in building a veranda appurtenant to it,
in removing and repairing a smokehouse, repairing a wood-
shed, and in repairing and building an addition to a barn,
the latter buildings all being alleged to be situate on the
same tract of land, and appurtenant to the dwelling-house.
The complaint also asked the foreclosure of a mechanic's
lien upon the property in question for the amount alleged to
be due.

There was a trial, which resulted in a finding for the ap-
pellee, a judgment in his favor, with a decree foreclosing the
lien.   Several errors are assigned, and argued.

The first is, that the court erred in overruling a motion to
make the complaint more specific.   The record does not
show that any such motion was made.   There was a motion
to strike out parts of the complaint, which was overruled,
and counsel have argued at some length the error which they
insist was thus committed.   This question is not, however,
properly before us.   It is not covered by the assignment of
errors.   Even if it was, it has many times been decided by
this court that overruling a motion to strike out a pleading
or a part of a pleading is not error for which a cause will be
reversed.   *Rowe* v. *Major,* 92 Ind. 206, and cases cited ; *Mc-
Lean* v. *Equitable, etc., Society,* 100 Ind. 127, and many
other cases.

The court overruled a demurrer to the complaint, and this
ruling is assigned as error.

Crawford *et al. v.* Anderson.

The only objection urged to the complaint, in the brief of counsel, is that it is not sufficiently specific. The demurrer was correctly overruled. The complaint is clearly sufficient to withstand demurrer.

The appellee testified as a witness in his own behalf, and the court sustained objections to two questions asked him on cross-examination, on the ground that they were not proper cross-examination. It is impossible, from the state of the record, for us to say whether this was error or not. The testimony, instead of being set out in full, giving questions and answers, is in narrative form. It is apparent that the witness was examined in the usual way, but that for some reason the questions are omitted, and the answers so modified as to appear in narrative form. Judging from the narrative the questions were probably legitimate cross-examining questions. Yet it can not be certainly said that they were. The circuit court is entitled to every reasonable presumption in favor of the regularity of its proceedings. In this court it must affirmatively appear that the court below did err, to justify reversing its judgment. A mere probability of error is not sufficient.

Appellant asks a reversal of the cause for the reason that evidence was allowed to go to the jury, and was considered by them, of the building of a privy, which was not embraced in the complaint. The record fails to show any objection, or exception, to this testimony. Such an objection can not be heard for the first time in this court. The objection must be made, and the exception taken, in the trial court.

The evidence is conflicting, and there is some evidence tending to sustain the verdict. We can not, therefore, reverse the judgment on the evidence, as we are asked to do.

One other question is discussed. The work was done in the repair of several different buildings. There was but one notice of lien—joint, and covering all the buildings—and the suit was to foreclose the lien upon all together. This, the appellant insists, can not be done. There was but one tract

of land.    The buildings consisted of a dwelling, a barn, and other buildings, all appurtenant to the dwelling, and all situate on the same tract of land.    While it is true that a joint lien can not be taken on two or more separate and distinct buildings, for work done or material furnished in their construction or repair, there is no reason why a joint lien may not be taken upon a dwelling with all its appurtenant outbuildings.    All are, in law, considered as one building.    A man's dwelling-house is not alone the building which actually shelters him and his family, but includes the cluster of appurtenant buildings.  2 Bishop Crim. Law, section 104.  The common law crime of burglary could only be committed by entering the mansion, or dwelling-house of another.    Yet Blackstone says : " And if the barn, stable, or warehouse, be parcel of the mansion-house, and within the same common fence, though not under the same roof, or contiguous, a burglary may be committed therein ; for the capital house protects and privileges all its branches and appurtenances, if within the curtilage, or homestall."    4 Blackstone, 225.

The cases of *Hill* v. *Braden,* 54 Ind. 72, and *Hill* v. *Ryan,* 54 Ind. 118, cited by the appellant, lay down no doctrine in conflict with this.

Judgment affirmed, with costs.

Filed Sept. 17, 1891.