## WISE *v.* WISE.

[No. 6,701.    Filed May 11, 1909.]

APPEAL.—*Weighing Evidence.—Divorce.—Equity.—Law.*—The Appellate Court cannot weigh conflicting evidence in a divorce suit, the rule as to weighing evidence, on appeal, being the same in suits in equity as in actions at law.

From Clay Circuit Court; *John M. Rawley,* Judge.

Suit by Adaline Wise against Millard T. Wise. From a decree for plaintiff, defendant appeals. *Affirmed.*

*McNutt & Shattuck,* for appellant.

*Albert Payne* and *Bernard C. Craig,* for appellee.

ROBY, J.—Suit by appellee, Adaline Wise, against appellant, Millard Wise, for divorce and alimony. The complaint was in two paragraphs, the first alleging cruel treatment, and the second adultery with Mary Wise. An answer of general denial was filed. The issues were tried by the court, which rendered decree divorcing the plaintiff from the defendant, and for alimony in the sum of $900.

Overruling the motion for a new trial is assigned as error.

The parties, who had each been previously married, were married in 1894 and lived on a farm. They had no children. Domestic quarrels began in January, 1906. In August, 1906, appellant's brother was injured in a coal mine and taken to a hospital. In the same month this brother's wife, Mary Wise, became ill, and was taken by appellant to his own home and cared for by him. Mary Wise and her husband separated in January, 1907, and she went to live permanently with appellant and appellee. Appellee left her husband May 6, 1907, and filed suit for divorce and alimony May 14, 1907.

The evidence is voluminous. Appellant devotes 234 pages of his brief and appellee 44 pages to it. The record con-

tains evidence which explains or denies every circumstance tending to show adultery or cruel treatment. This court is not in as good position to decide who told the truth as was the court below. The question for decision here is: Is there any evidence to support the judgment? This court cannot weigh conflicting evidence in order to set aside the decision of the trial court. *Hudelson* v. *Hudelson* (1905), 164 Ind. 694; *Parkison* v. *Thompson* (1905), 164 Ind. 609; *Smith* v. *Smith* (1905), 35 Ind. App. 610; *Continental Life Ins. Co.* v. *Yung* (1889), 113 Ind. 159, 3 Am. St. 630; *Isler* v. *Bland* (1889), 117 Ind. 457; *Crawford* v. *Anderson* (1891), 129 Ind. 117. The same rule applies in suits in equity for divorce and alimony as in those tried by a jury in an action at law. *Henderson* v. *Henderson* (1887), 110 Ind. 316, 319. No public service would be subserved by a review of the evidence. It is sufficient to say that there is evidence tending to sustain the finding made and the judgment rendered.

The judgment is affirmed.