GLOVER ET AL. *v.* PARSON ET AL.

[No. 15,524. Filed June 16, 1937.]

*William H. Faust, Irene Faust,* and *Julius Medias,* for appellants.

*Jessup & Strode,* for appellees.

CURTIS, J.—The appellants and 36 other defendants below were members of Local Union 26 of the National Brotherhood of Operative Potters and went on a strike because the Kokomo Sanitary Pottery Corporation for whom they worked refused to negotiate a collective bargaining agreement with the chosen representatives of its employees in accordance with Section 7A of the National Recovery Act and did not abide by the decisions of the National Regional Relations Board. Prior to the time of the calling of the strike appellants and appellees were employed in the said factory. As a result of an

election a committee of employees had been named to represent all of the employees of the factory in an effort to secure an agreement with the employer, without success, and on February 12, 1935, appellants and the thirty-six others who were named as defendants below went on a strike. The 71 appellees who constitute a majority of the employees of said corporation were not consulted with reference to the calling of said strike, had no opportunity to vote on that question and did not approve of the calling of a strike.

Because the appellees refused to join with appellants and others in conducting the strike and refused to quit their jobs they were subjected to threats and acts of violence and intimidation and abusive language was directed against them by appellants. It was to prevent the use of such threats, violence and intimidation and to prevent the use of such abusive language on the part of the appellants and others, that this injunction was sought. To the amended complaint of the appellees, the appellants filed an answer in two paragraphs. Then appellees filed a reply to the second paragraph of answer.

There was a trial before the court resulting in a permanent injunction against 12 of the defendants who are the appellants in this court. Upon proper request the court made a special finding of facts and stated its conclusions of law thereon. These were favorable to the appellees and judgment was accordingly entered.

In due time the appellants filed a separate and several motion for a new trial which was overruled and this appeal then prayed and perfected. The error properly assigned in this court is the ruling on said motion. The causes or grounds of the motion are as follows:

"(1) The finding of the court is not sustained by sufficient evidence.

(2) The decision of the court is not sustained by sufficient evidence.

(3) The finding of the court is contrary to law.

(4) The decision of the court is contrary to law.

(5) That each of the special findings of the court numbered from one to eight inclusive, is not sustained by sufficient evidence, and that neither of said special findings, so numbered, considered separately and alone, is not sustained by sufficient evidence.

(6) Error of law occurring at the trial and excepted to by these defendants, viz: The court erred in excluding from the evidence in this cause defendants' Exhibit H.

(7) Error of law occurring at the trial and excepted to by these defendants, viz: The court erred in excluding from the evidence in this cause defendants' Exhibit I."

The finding of facts includes the following:

"(1) That unlawful acts have been threatened and committed by the defendants, William Glover, Victor J. Simmons, Frank Loyd, James Groves, Carl Haworth, Anderson Warner, John J. Watson, Everett McCrumb, Charles Brown, Gilbert Pratt, Glen McCarter, and Verne Phillips.

(2) That all of the defendants herein named have unlawfully and wrongfully combined and conspired together to prevent the plaintiffs herein, and other persons, by threats, intimidation, force and violence from accepting or continuing employment with the Kokomo Sanitary Pottery Company or any other person, firm or corporation which may operate said pottery plant.

(3) That the wrongful and unlawful acts so committed and threatened by each of the defendants herein named will be continued unless enjoined by this court.

(4) That substantial and irreparable injury to the property right of each plaintiff herein will follow unless said unlawful and wrongful acts of said defendants are enjoined.

(5) That as to each item of relief granted by the judgment herein more injury will be inflicted upon the plaintiffs and each of them by the denial of relief than will be inflicted upon the defendants, or any of them, by the granting of such relief.

(6) That the plaintiffs have no adequate remedy at law.

(7) That the public officers charged with the duty

of protecting the plaintiffs' property rights are unable to furnish adequate protection.

(8) That due and personal notice of the hearing on plaintiffs' petition herein has been given by summons and by word of mouth to each of the defendants herein and also to Charles A. O'Neill, Chief of Police of the City of Kokomo, Indiana, and Clarence C. Currens, Sheriff of Howard County, Indiana."

As heretofore indicated the judgment followed the finding and conclusions of law, and was in accordance therewith.

We have carefully read the concise statement of the evidence presented to us in the briefs. In our opinion it is ample to sustain the finding. It is to be noted that this case is not a dispute between the employer and employees. The employer is not a party herein. The dispute is solely between two groups of employees: the minority group of 12 who are appellants and who are insisting on striking and the large majority group composed of the appellees and others who refuse to strike and are insisting on working. There is no question whatever presented in this appeal as to the right to strike, or the right to picket peacefully or the right to bargain collectively. The plain and simple question first presented is whether or not there is some competent evidence to sustain the trial court in its finding. We think there was. Neither have we been shown any reason why the decision is contrary to law. If these 12 appellants were guilty of the unlawful acts charged against them in the amended complaint and as found by the trial court in its finding, then under the circumstances the court was justified in enjoining them as it did.

This court is not called upon to weigh the evidence. That was the province of the trial court and where, as here, the decision of the trial court is sustained by some competent evidence this court will not substitute its judgment for the judgment of the

trial court. Causes 6 and 7 of the motion for a new trial are too indifinite to present any questions for review. See the following cases: *Eva* v. *State* (1932), 203 Ind. 340, 180 N. E. 183; *Inter-Ocean Casualty Co.* v. *Wilkins* (1933), 96 Ind. App. 231, 182 N. E. 252; *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581; *Wabash Portland Cement Co.* v. *Stevens* (1931), 98 Ind. App. 208, 178 N. E. 5; *The Starr Piano Company* v. *Murray J. Scherer et al.* (1933), 97 Ind. App. 77, 185, N. E. 665.

No reversible error being shown the judgment is affirmed.