CROWELL v. CROWELL.

[No. 27,651. Filed February 16, 1942.]

*George Sands,* of South Bend, for appellant.

*Hammerschmidt & Johnson,* of South Bend, for appellee.

ROLL, J.—This is an appeal from an interlocutory order for support of appellee pending final determination of the divorce action.

Appellee filed suit for divorce and also a verified application for temporary allowance and attorney fees. She stated in her application for allowance and attorney fees that: "She has no money, means or property from and out of which to pay her support pending said action."

Appellant filed a counter affidavit in which he stated the facts to be as follows: He admitted that he and appellee were married on January 25, 1941, and separated on October 13, 1941, and that there was no child or children as the fruit of this marriage; that he and appellee purchased the home, in which appellee is now living, on a land contract paying $200 down as the initial payment; that in order to make said initial payment he borrowed from a bank the sum of $150, and executed his note therefor; that he is required to pay $13.25 per month on said loan; that there was a balance of about $100 on said note. The affidavit further stated that appellee is living in said home and has the use of the same together with the furniture therein; that appellee is working and is steadily employed at $115 per month; that appellant purchased a ring which he gave her and there is an unpaid balance on said purchase price of $40 upon which he contracted to pay $6.00 per month. The appellant stated that he earned $168 per month. Appellant further stated that appellee was a mature woman, had been married before and was fully capable of supporting and maintaining herself.

Appellee in her divorce complaint stated that by occupation she was a secretary, and that appellant was

employed at the Bendix Aviation Corporation.

In order to have a more complete picture of the case, it might be noted that the charging part of appellee's divorce complaint is in the second rhetorical paragraph of her complaint which is as follows:

"2. That on the said 13th day of October, 1941, and at various other times the defendant has been guilty of cruel and inhuman treatment towards this plaintiff."

The application for attorney fees and allowance pending the action was submitted to the court upon the verified application and the counter affidavit of appellant.

The court found for appellee and decreed and adjudged that appellant pay to the clerk of said court the sum of $10.00 per week, for the support of appellee during the pendency of the action and until the further order of the court, also $50 attorney fees for appellee's attorney. The attorney fees to be paid $25 in thirty days and $25 within sixty days.

Appellant made no complaint as to the attorney fees, but did file a motion to modify said judgment as to the $10.00 per week for the support of appellee. This motion was overruled and appellant assigned error questioning the correctness of the court's action.

No one disputes the power of the trial court to make orders in divorce actions for attorney fees and for support of the wife pending the action. § 3-1216 Burns' 1933, § 923, Baldwin's 1934. See cases annotated thereunder. This power existed independent of statute, and was founded upon the common-law obligation of the husband to support his wife. *Snider* v. *Snider* (1913), 179 Ind. 583, 588, 102 N. E. 32. In the case just cited, it is stated that:

"It must be made to appear as one of the essential conditions upon which the wife will be granted the allowance, that she has not sufficient means to

provide for her own support adequately and to pay the expenses of properly preparing and prosecuting or defending the action. The ability of the husband to pay should also be made to appear. 14 Cyc. 743-761; 3 Am. and Eng. Ency. Law and Pr. 139-156; 2 Am. and Eng. Ency. Law (2d ed.) 99-114; 2 Bishop. Mar., Div., and Sep. §§ 965, 978, 979."

Mr. Bishop in the above cited sections states clearly the proper rule in awarding suit money in divorce actions. This rule is in substance as follows: If the wife has no separate income or an inadequate one, the husband must contribute what, under the particular circumstances, is just. If she has sufficient in part, the husband must supply the residue. Practical equality being the end at which the proceeding aims, the whole question is regulated by the judicial—not the arbitrary—discretion of the court for the guidance whereof natural reasons, judicial precedent and the wife's actual necessities blend.

In *Davis* v. *Davis* (1895), 141 Ind. 367, 374, 40 N. E. 803 it was said:

"This is a wise and humane provision of the law, and upon the trial court is enjoined the duty to carefully and properly exercise the discretionary powers thereby granted.

"The law does not contemplate that the husband shall be oppressed by the allowance, neither does it intend that where his means are ample the court shall weigh the amount awarded in 'the scales of an apothecary.' The statute means and intends a sum sufficient to insure an efficient preparation and a fair trial."

In *Kenemer* v. *Kenemer* (1866), 26 Ind. 330, 332, the court said:

"If she (meaning the wife) had either funds or credit sufficient for the purposes of her defense and her present support, it would have been improper for the court to require her husband to

furnish money for such purposes, pending the litigation."

In the present case the facts show that appellee is a secretary, steadily employed at $115 per month; that she lives in the home purchased and furnished by appellant. Appellant is also steadily employed and has a monthly income of $168. Out of his monthly income he is obligated to pay $19.25, the benefit of which inures to appellee. By the order of the court he must pay $50 for appellee's attorney. It must also be considered that appellant must also pay his attorney to defend the action. Out of his monthly wages he must pay for his own board, room, laundry, etc.

While we are mindful of the well established rule, that this court will not disturb the order of the trial court unless it clearly appears that there has been an abuse of discretion in making the order, yet we are fully persuaded that facts here made to appear, fail to show she is without ample means of present support and taking the relative financial standing of the parties as disclosed by the record into consideration, we can see no just and fair basis for the order made.

Judgment is therefore reversed with instructions to set aside the order.

NOTE.—Reported in 39 N. E. (2d) 602.