BITNER *v.* BITNER.

[No. 28,641. Filed March 23, 1950. Rehearing denied April 28, 1950.]

Gilkison, J., dissents in part with opinion.

Emmert and Young, J. J., not participating.

*Perry E. O'Neal, Patrick J. Smith* and *Michael L. Fansler,* all of Indianapolis, for appellant.

*J. Emmett McManamon* and *Earl R. Cox,* both of Indianapolis, for appellee.

STARR, J.—This is an appeal from an interlocutory order for support of appellee pending final determination of a divorce action wherein the appellee is the plaintiff and the appellant is the defendant.

After hearing on appellee's verified application for allowance and attorney fees the trial court made and entered an order for allowance which was modified on motion of the appellant. The order of the court as modified, omitting formal parts, reads as follows:

"Hearing on petition for interlocutory order concluded. Temporary custody of the children continued in plaintiff until further order. Defendant

and cross-complainant is permitted to visit and to have children at all reasonable times.

"Defendant and cross-complainant is ordered to pay to the county clerk for the support of his two children and for the upkeep of the home in which they are now living with their mother,—a tenant by the entireties,—the sum of ninety dollars ($90.00) a week.

"Defendant is ordered to pay to plaintiff's attorneys partial fee of $1500.00 within thirty days or before trial.

"No order is made at this time for back support or medical and hospital bills which have accrued in the past."

It is from this order that this appeal was taken. By proper assignment of error appellant calls in question whether or not this order is sustained by sufficient evidence and whether it is contrary to law.

The undisputed evidence discloses that the appellee is the owner of 675 shares of preferred stock of an Indianapolis radio station corporation which stock has a value of $67,500; that appellee also owns 6,750 shares of the common stock of said corporation which has a value of $300,000; that appellee also owns 1,600 shares of the common stock of another corporation on which appellee received dividends in 1948 in the sum of $3,220. The evidence also discloses that appellee thinks that dividends were paid in 1949 on this last mentioned stock but does not know the amount as she has made no inquiry. The evidence further discloses that this last mentioned stock has a substantial value; that appellee also owns a Mercury convertible automobile, and has the sum of approximately $100 in cash. The evidence further discloses that from these various properties during the year 1949 appellee had an income of $6,230.85 as a minimum. The only indebtedness of appellee disclosed by the evidence is that

except for current grocery and food bills she owes her father not to exceed $8,000. There is no evidence that the appellee has not credit sufficient for the purpose of her defense and her present support.

The evidence further discloses that appellant had a total income of $26,562.50 in the year 1949 which consisted of compensation for services and dividends from stocks; that his property consists of the same amount of stock in the said radio corporation as is owned by the appellee. It also appears from the evidence that appellant owes approximately the sum of $17,200.

By § 3-1216, Burns' 1946 Replacement, provision is made that "Pending a petition for divorce, the court, or the judge thereof in vacation, may make, . . . such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper and such orders relative to the expenses of such suit and attorney fees as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof." Independently of this statute it has been held that the trial court in divorce proceedings has the inherent power to make orders for attorney fees and support of the wife pending the action. *Crowell* v. *Crowell* (1942), 219 Ind. 472, 39 N. E. 2d 602. It is also the law that in a divorce proceeding if the wife has either funds or credit sufficient for the purposes of her defense and her present support it is improper for the court to require the husband to furnish money for such purposes pending the litigation. *Kenemer* v. *Kenemer* (1866), 26 Ind. 330. See also *Snider* v. *Snider* (1913), 179 Ind. 583, 102 N. E. 32; *Crowell* v. *Crowell, supra.*

Although no objection is made as to the form of this order as to attorney fees we note that the same pro-

vides that these fees are to be paid to plaintiff's attorneys. Such an order is not proper. See *State ex rel. McNabb* v. *Allen Superior Court No. 2* (1947), 225 Ind. 402, 75 N. E. 2d 788. Waiving this defect we conclude that under the evidence in this case there was no basis for the order made as to attorney fees. While it is true that the rule is that this court will not disturb the order of the trial court unless it clearly appears there has been an abuse of discretion in making the same, yet the facts here fail to show that the appellee is without present ample means with which to carry on this litigation. In taking the relative financial standing of the parties into consideration we can see no just and fair basis for the order made as to attorney fees.

We construe that part of the complaint of order which has to do with the payment of $90 per week for support as a provision for the support of the minor children whose temporary custody had been awarded to the appellee. We have been unable to find any decision in our court which determines whether or not in an action for divorce a wife who has adequate means for the support of herself and children is entitled to an allowance from her husband for the support of her minor children *pendente lite* where she has the custody of them. From an examination of the law we find this question has been decided differently in different jurisdictions. See 17 Am. Jur., Divorce and Separation, § 546, p. 439. From the reading of said § 3-1216, Burns' 1946 Replacement, which empowers the trial court to make disposition of the children of the parties *pendente lite* it would seem to us the trial court was empowered to make this order as to the support of the children. It is also our opinion that there was ample evidence to support this portion of the order.

For the reasons heretofore given, that portion of the order which provides for the payment of attorney fees is hereby reversed and the trial court is ordered to vacate the same. The other portions of the said order are hereby approved.

Gilkison, J., dissents as to the reversal and vacation of that portion of the order allowing attorney fees, and concurs as to the approval of the balance of the order.

Emmert and Young, J. J., not participating.

## DISSENTING OPINION

GILKISON, J.—I concur in that part of the opinion allowing support for the two children in the custody of appellee. But there should be no doubt cast upon the duty of the court to make such allowance, even though the evidence should indicate that the wife and her relatives are able to support them. The duty of a father to support his children has been well expressed by Bridwell, J., in *Denning* v. *Star Publishing Co.* (1932), 94 Ind. App. 300, 307, 180 N. E. 685, 687, thus:

> "The duty of a father to provide for the maintenance of his minor children is a principle of natural law. The obligation of progenitors to support their offspring is universally acknowledged. To discharge this duty is a primal instinct of human nature. The duty is imposed by law at least as early as at the birth of a child and continues thereafter until legally terminated (authorities) . . .
>
> "Children cannot be deprived of their natural rights of support by the dissensions of their parents; they are not parties thereto, and, if a husband, by his own misconduct, makes it possible for his wife to have the marriage bonds dissolved, he does not, by any judgment of divorce decree,

relieve himself from his own duty of support. This duty remains unchanged." (authorities).

I approve this statement of the law as defining appellant's duty with respect to supporting his children during the pendency of the divorce action and thereafter. This duty is inherent in the relationship, father and child, and needs no precedent to justify its enforcement. The fact that appellee lives with and cares for the children in no way relieves appellant from his duty to support them. Since the mother is caring for them, it must be contemplated that she will eat with them and share in the comforts of the home in which they live. Considering the wealth, earning capacity and apparent social standing of the parties the allowance made for temporary support of the children is reasonable, and is not an abuse of discretion.

On the question of the allowance of attorneys' fees, evidence which the trial court could properly consider is as follows:

Appellant testified he lives at the Columbia Club in Indianapolis. He is co-owner with appellee of a home at 320 W. Second Street in Marion County upon which there is an unpaid mortgage of $10,000. Appellant is president and general manager of Radio Station W.F.B.M. Inc. and is a director of two incorporated radio stations in Michigan. He owns between 13% and 14% of the W.F.B.M. corporation. His salary in 1949 from W.F.B.M. was $15,000 a year paid semi-monthly; he received $5,000 a year from the Michigan radio corporations and $1,500 a year from Trevit Corporation. From his stock in W.F.B.M. in 1949 he received in dividends $5,062.50; a total yearly income of $26,562.50 for 1949. Since the divorce action was filed appellant has paid nothing for the care and support of appellee or the children.

Appellee testified she owns 12½% of W.F.B.M. stock. This stock is in the possession of her father who has loaned her approximately $8,000 thereon. She owns some stock in John W. Eshelman Inc. but was uncertain as to the exact amount. It, too, is in the possession of her father.

Appellee became a patient in a hospital at Philadelphia, Pennsylvania on February 15, 1949, and remained an "in" or "out" patient most of that year. Appellant paid her expenses there until March 19, 1949. After that she paid them herself out of her own money and money borrowed from her father and mother.

She expended of her own funds in the medical care and support of herself and children in 1949 more than $8,000.

She testified it takes approximately $740 to $750 a month to maintain the household, not including payments on the mortgage on the house. She paid $2,000 federal income tax in 1949. Her income in 1949 was $7,082.50 received in dividends from W.F.B.M. and John W. Eshelman Inc. At the date of trial she had $100 and she owed two grocery bills.

There is evidence in the record that a reasonable preliminary attorneys' fee would be $2,500.

It is an established rule in this jurisdiction that an appellate court will not weigh conflicting evidence to determine where the preponderance lies. That duty is wholly within the peculiar province of the trial jury and the trial court. *Russell* v. *Drummond* (1855), 6 Ind. 216, 218; *Hoosier Chemical Works* v. *Brown* (1929), 200 Ind. 535, 538, 165 N. E. 323; *Cottrell et al.* v. *Shadley* (1881), 77 Ind. 348, 353; *Gallimore et al.* v. *Blankenship et al.* (1885), 99 Ind. 390, 391; *Isler* v. *Bland* (1889), 117 Ind. 457, 458, 20 N. E. 303; *Crawford et al.* v. *Anderson* (1891), 129 Ind. 117, 119, 28

N. E. 314; *Deal* v. *State* (1895), 140 Ind. 354, 356, 358, 39 N. E. 930.

If there is some evidence more than a conjecture, or some inference naturally and logically flowing from the lawful evidence heard by the trial court, supporting each element essential to the finding and judgment or order rendered, this court will affirm. *McCarty* v. *State* (1891), 127 Ind. 223, 224, 26 N. E. 665, and cases cited; *Davis, Exr.* v. *Babb* (1919), 190 Ind. 173, 179, 125 N. E. 403; *Deal* v. *State* (1895), 140 Ind. 354, 359, 360, 39 N. E. 930, *supra; Glick* v. *Hunter* (1920), 190 Ind. 51, 53, 54, 129 N. E. 232; *Rush* v. *Hunziker* (1940), 216 Ind. 529, 536, 24 N. E. 2d 931; *Glover* v. *Parson* (1937), 103 Ind. App. 561, 564, 9 N. E. 2d 109; *Town of Frankton* v. *Closser* (1939), 107 Ind. App. 193, 201, 20 N. E. 2d 216; *Workman* v. *Workman* (1943), 113 Ind. App. 245, 268, 46 N. E. 2d 718; *Admire* v. *Brewer et al.* (1942), 112 Ind. App. 92, 97, 41 N. E. 2d 662; *Ashman* v. *Studebaker* (1944), 115 Ind. App. 73, 78, 56 N. E. 2d 674.

The rule that this court will not weigh the evidence to determine where the preponderance may lie is applicable in the matter of appeals from interlocutory orders. *Naylor et al.* v. *Sidener* (1886), 106 Ind. 179, 185, 6 N. E. 345; *Mead* v. *Burk* (1901), 156 Ind. 577, 582, 60 N. E. 338; *Chicago, etc. R. Co.* v. *Kenney* (1901), 159 Ind. 72, 81, 62 N. E. 26; *Hammond Theatrical Co.* v. *Gregory et al.* (1935), 208 Ind. 31, 45, 194 N. E. 631; *Henderson* v. *Henderson* (1887), 110 Ind. 316, 319, 11 N. E. 432.

Discussing and deciding this proposition in *Henderson* v. *Henderson* (1887), 110 Ind. 316, 319, 11 N. E. 432, *supra,* Howk J., for this court, said:

> "The rule of this court that it will not weigh the evidence, nor reverse the judgment below upon what might seem to be the preponderance of the

evidence, applies as well to appeals in chancery or divorce suits, as to appeals in other cases. This court will give the same respect to the finding of the trial court upon the evidence in a suit in equity, or a suit for divorce and alimony, that it has always given to the verdict of a jury or the finding of a court, in an action at law. *Lake Erie, etc. R. W. Co.* v. *Griffin*, 107 Ind. 464. Where, in a suit for divorce, the finding of the trial court rests upon conflicting evidence, or is sustained, on every material point, by legal evidence appearing in the record, the judgment will not be reversed on the weight of the evidence. In the case under consideration, the finding of the court below is sustained, and strongly sustained, we think, by the evidence brought before us, on every material point. In such a case, the finding of the court is not, and can not be, contrary to law.

"Appellant's counsel earnestly insist that the circuit court erred in its allowance of alimony to appellee, the amount thereof being too large, and in its allowance to her for attorneys' fees, and the costs and expenses of her suit herein, the amount of such allowance being also too large. . . . the allowances complained of are, of necessity, largely within the discretion of the trial court, 'and the abuse of that discretion must be very clear indeed, to justify this court in interfering with its exercise.' *Powell* v. *Powell*, 53 Ind. 513; *Conn* v. *Conn*, 57 Ind. 323; *Eastes* v. *Eastes*, 79 Ind. 363; *Buckles* v. *Buckles*, 81 Ind. 159; *Logan* v. *Logan*, 90 Ind. 107."

The Henderson case has been cited with approval in many cases in this state among which I note, *Sellers* v. *Sellers* (1895), 141 Ind. 305, 307, 40 N. E. 699; *McCue* v. *McCue* (1898), 149 Ind. 466, 470, 49 N. E. 382; *Wise* v. *Wise* (1909), 43 Ind. App. 625, 626, 88 N. E. 309; *Boggs* v. *Boggs* (1910), 45 Ind. App. 397, 398, 90 N. E. 1040; *Ginter* v. *Ginter* (1914), 56 Ind. App. 98, 103, 104 N. E. 989; *Argiroff* v. *Argiroff* (1939), 215 Ind. 297, 300, 19 N. E. 2d 560; *Admire* v.

*Brewer* (1942), 112 Ind. App. 92, 97, 41 N. E. 2d 662; *The Lake Erie and Western Railway Company* v. *Griffin et al.* (1886), 107 Ind. 464, 473, 8 N. E. 451; *Ashman* v. *Studebaker* (1944), 115 Ind. App. 73, 78, 56 N. E. 2d 674.

Typical statements of the rule by the courts in the above cases are as follows:

"Besides, the evidence was conflicting . . .; and in such case it is well settled that the court will not weigh the evidence, whether the same is given by affidavits or otherwise." (authorities).
*McCue* v. *McCue* (1898), 149 Ind. 466, 470, 49 N. E. 382, *supra.*

"It will suffice for us to say, as we think we may safely do, that the evidence fairly tends to sustain the special findings of facts, on every material point. In such a case, as we have often decided, we will not disturb the findings of the trial court, nor reverse its judgment and decree, upon what might seem to be the weight of the evidence. The reasons for this rule of decision have been given so often, in our reported cases, that we need not repeat them here. *We adhere tenaciously to this rule in all cases, whether at law or in equity.*" (authorities)
*The Lake Erie Etc. Ry. Co.* v. *Griffin et al.* (1886), 107 Ind. 464, 473, 8 N. E. 450, *supra.*

"This court is not in as good position to decide who told the truth as was the court below. The question for decision here is: *Is there any evidence to support the judgment? This court cannot weigh conflicting evidence in order to set aside the decision of the trial court.*" (authorities). "The same rule applies in suits in equity for divorce and alimony as in those tried by a jury in an action at law." (authority). *"No public service would be subserved by a review of the evidence."* (My italics).
*Wise* v. *Wise* (1909), 43 Ind. App. 625, 626, 88 N. E. 309, *supra.*

"In a suit in equity, the Supreme Court is bound to give the same respect to the finding of the trial court that is given to the verdict of the jury or finding of a court in an action at law." (authorities).

*Admire* v. *Brewer* (1942), 112 Ind. App. 92, 97, 41 N. E. 2d 662, *supra.*

"The only question presented by the assignment of errors, and not waived, concern the sufficiency of the evidence to sustain the court's decision and the legality thereof.

*"Our approach to this question is governed, of course, by the well-known and settled rule in Indiana, even in equity cases, that where the evidence in respect to matters in controversy consists partly of oral testimony the evidence will not be weighed and only such evidence as is favorable to the decision can be considered, and if there is any evidence whatever which supports the decision in its essential particulars, such decision must stand regardless of any evidence to the contrary."* (authorities)

"In cases of purely equitable cognizance the statute, § 2-3229 Burns' 1933 . . . permits an assignment of error that the judgment is clearly against the weight of the evidence and thereby requires courts of error to 'carefully consider and weigh the evidence,' but the above cases and many others hold that this statute has no application to conflicting oral testimony." (authorities).

"This is the rule even when the evidence is documentary if the force and effect thereof depends in part on oral testimony." (authority). (My italics).

*Ashman* v. *Studebaker* (1944), 115 Ind. App. 73, 78, 56 N. E. 2d 674, *supra.*

As to the same proposition I quote from later cases as follows:

"Appellant's contention that the finding and decision of the court is not sustained by sufficient

evidence and is contrary to law requires a review of the evidence.

"It is well settled that this court cannot weigh conflicting evidence and, if there is any substantial evidence in the record to sustain the finding and decision of the trial court, the judgment must be affirmed. *In this connection it must be borne in mind that the trial judge, as the trier of the facts, was not bound by the testimony of any single witness or any particular item of evidence. It was his exclusive province to judge and determine the credibility of witnesses, weigh the evidence, . . .* We have examined the record and find the evidence is conflicting and that there is substantial evidence to sustain the decision of the trial court. *Upon appeal this court cannot substitute its judgment as to the weight of the evidence for that of the trial court."* (My italics).

*McDaniels* v. *McDaniels* (1945), 116 Ind. App. 322, 331, 62 N. E. 2d 876. See also *Adkins* v. *Adkins* (1947), 117 Ind. App. 189, 194, 70 N. E. 2d 750; *Waid* v. *Waid* (1946), 117 Ind. App. 4, 8, 66 N. E. 2d 907; *Stinson* v. *Stinson* (1947), 117 Ind. App. 661, 662, 74 N. E. 2d 745; *Adams* v. *Adams* (1947), 117 Ind. App. 335, 337, 69 N. E. 2d 632.

The rule governing the courts on the matter of granting allowances *pendente lite* in divorce cases is well stated by Cox, J. in *Snider* v. *Snider* (1913), 179 Ind. 583, 588, 590, 102 N. E. 32, pertinent parts of which are as follows:

"The right of alimony whether pendente lite or permanent is founded on the common law obligation of the husband to support his wife and was recognized in ecclesiastical law. Subject to certain conditions, the wife is, in suits for absolute divorce, whether she be plaintiff or defendant, entitled upon application to temporary alimony where no statute provides for it. And it may be awarded notwithstanding statutes which give her control of her

separate property and the benefit of her own earnings, although such statutes materially lessen the force of the reason upon which it is granted, and in such case the allowance is not made so much as a matter of course. It must be made to appear as one of the essential conditions upon which the wife will be granted the allowance, that she has not sufficient means to provide for her own support adequately and to pay the expenses of properly preparing and prosecuting or defending the action. The ability of the husband to pay should also be made to appear." (authorities).

*"Whether the necessity for the allowance exists, and the ability of the husband to pay, as well as the amount to be allowed is within the sound discretion of the trial court to determine upon the facts before it.* This judicial discretion is, it is true, subject to review on appeal, *but it will be interfered with only when a clear abuse of it by unfair and arbitrary action is shown."* (authorities).

"Although the fact that the wife has some property is a matter to be considered by the court in determining whether an allowance shall be made, as well as the amount of it, still, if it is not sufficient properly to support her and at the same time afford her the means to secure her an efficient preparation of her case and a fair trial without exhausting her own resources, *an allowance is within the discretion of the court. . . .* The law does not contemplate that the husband shall be oppressed by the allowance, neither does it intend that where his means are ample the court shall weigh the amount awarded in 'the scales of an apothecary.' The statute means and intends a sum sufficient to insure an efficient preparation and a fair trial. And what is sufficient for the wife to obtain these results the court, under all the facts and circumstances in each particular case, must determine.

"That an allowance of temporary alimony or suit money to a wife having some property or some credit is not necessarily an abuse of discretion on the part of the trial court has been decided by this court." (My italics).

Nothwithstanding the fact that substantially all the law in Indiana fully supports the action of the trial court in making the allowance for partial attorneys fees, the majority opinion ignores the law by which this court has always considered itself bound, and incorrectly gives the rule governing the trial court in making such allowances as that stated in *Kenemer* v. *Kenemer* (1866), 26 Ind. 330, 332, quoting from the majority opinion, thus:

> "If the wife has either funds or credit sufficient for the purpose of her defense and her present support it is improper for the court to require the husband to furnish money for such purposes pending the litigation."

as the law governing this court on appeal. The statement as made by Ray, J. in the Kenemer case is thus:

> "If she" the wife "had either funds or credit sufficient for her defense and her present support, it *would have been* improper for the court to require her husband to furnish money for such purpose, pending litigation."

In these words Ray, J. made it undisputably known that this is the rule for the government of the trial court only. Changing the verb from *"would have been"* to "is" in the quotation makes it appear that this is the rule governing this court on appeal. In fact it is the rule followed in the majority opinion. In the Kenemer case the trial court refused a temporary allowance, and this court did not weigh the evidence, and affirmed the trial court.

The majority opinion cites *Snider* v. *Snider* (1913), 179 Ind. 583, *supra,* as supporting its right to weigh the evidence. Among other things, the opinion in that case at page 587 states thus: .

"It seems to be the contention of counsel for appellant that in a divorce action a trial court has authority to grant suit money or temporary alimony to the wife only when it is shown that she has neither means or credit with which properly to prepare her suit or defense for trial, and that when it appears she has some means or credit an allowance is an abuse of discretion which this court will review. Such is not the law either under our statute or the common law."

The learned judge then ably discussed the law, concluding at page 589, 590, thus:

"That an allowance of temporary alimony or suit money to a wife having some property or some credit is not necessarily an abuse of discretion on the part of the trial court has been decided by this court." (authorities).

"Counsel for appellant rely upon the case of *Kenemer v. Kenemer* (1866), 26 Ind. 330, as sustaining their contention for appellant in this case, but we think a careful consideration of what was there involved and decided shows that it does not."

So in this case we must say that neither the Kenemer nor Snider case supports the opinion. On the contrary they support this dissent.

In the case of *Crowell* v. *Crowell* (1942), 219 Ind. 472, 39 N. E. 2d 602, cited in the opinion, it was long believed that under Section 2-3229, Burns' 1946 Replacement, it was a duty of this and the appellate court to weigh the evidence on appeal in equity cases where the evidence was all documentary. *State Life Insurance Co.* v. *Cast* (1937), 214 Ind. 17, 23, 13 N. E. 2d 705; *Parkison* v. *Thompson* (1905), 164 Ind. 609, 618, 73 N. E. 109. In the Crowell case the only evidence heard by the trial court was the verified application of the wife for temporary allowance and attorneys fees, and the counter affidavit filed by the husband. It may be that under the above statute and cited cases

this court inferred that it was in as good a position to weigh the evidence, as was the trial court. However, that theory has been fully exploded (*Parkinson* v. *Thompson,* 164 Ind. 609, 626, *supra.*) It, too, quoted the Kenemer case as authority for weighing the evidence. As before shown, the Kenemer case does not support that position and the Crowell case is wholly unsupported by authorities.

I think the rationale of all the Indiana cases on the subject is:

When a proper application has been made in a proper trial court in a pending divorce case for a temporary allowance to a wife for the expenses of the suit and attorneys fees agreeable with the first sentence of Section 3-1216, and upon a proper hearing, the court grants the petition and makes allowances agreeable with the petition and statute, and an appeal is taken from the interlocutory order so made, this court upon proper assignment of errors may review the evidence for the sole purpose of ascertaining whether there is some evidence or reasonable inferences to support the essential averments of the petition. If there is, the order must be affirmed. We cannot weigh the evidence. That is a duty solely for the trial court. We cannot substitute our judgment as to the weight of the evidence for that of the trial court. The error of the trial court must be so pronounced that it amounts to an error of law before this court may interfere. In other words there must be an entire absence of evidence to support some proposition essential to the validity of the order. In that event the order would be arbitrary, capricious or corrupt.

No such defect can be found in the order of the instant case. It should be affirmed in toto.

NOTE.—Reported in 91 N. E. 2d 169.